11/21/2016 11:50:46am

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **GCMC of Wharton County Texas, LLC** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF TEXAS** |
| Case number (if known) | **16–60109** |

☐ Check if this is an amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue Check all that apply. | Gross revenue (before deductions and exclusions |
|---|---|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From **07/31/2016** to | Filing date | | ☑ Operating a business<br>☐ Other _____ | **$1,773,536.00** |
| For prior year: | From **07/31/2015** to | **07/30/2016** | | ☑ Operating a business<br>☐ Other _____ | **$65,432,219.00** |
| For the year before that: | From **07/31/2014** to | **07/30/2015** | | ☑ Operating a business<br>☐ Other _____ | **$74,596,807.00** |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | **See attached Exhibit SOFA Part 2.**<br>Creditor's name<br><br>Number     Street<br><br>City                    State    ZIP Code | | _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

Exhibit SOFA Part 2

FROM VENDOR NAME: RELIQ GU  LF COAS  T LLC  THRU VENDOR NAM RELIQ GULF COAST LLC
FROM                       PAYMENT DA TE: 01/   ####  THRU PAYMENT DA : 10/19/16

VENDOR:  RELIQ GULF COAST LLC          8768

TERMS:   INV NET 30

| PAY DATE | BANK ACC | CHECK NUM | ACTIVITY | INV NUM | INV DATE | TYPE | TXN | GL ACCOUNT | GL ACCOUNT DESC | PAYMENT AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| 2/29/2016 | AP DIP EAM | 2920 | Check ISSUED | 020516-GCMC | 2/5/2016 | INV | 7 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 25,000.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 25,000.00 |
| 2/29/2016 | AP DIP EAM | 2921 | Check ISSUED | 020816-GCMC | 2/8/2016 | INV | 7 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 25,000.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 25,000.00 |
| 2/29/2016 | AP DIP EAM | 2922 | Check ISSUED | 022416-GCMC | 2/24/2015 | INV | 7 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 100,000.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 100,000.00 |
| 3/11/2016 | AP DIP EAM | 2929 | Check ISSUED | 030316-GCMC | 3/3/2016 | INV | 2 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 45,000.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 45,000.00 |
| 5/23/2016 | AP DIP EAM | 3043 | Check ISSUED | 051916-GCMC | 5/19/2016 | INV | 2 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 59,000.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 59,000.00 |
| 5/31/2016 | AP DIP EAM | 3080 | Check ISSUED | 050316-GCMC | 5/3/2016 | INV | 2 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 290,150.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 290,150.00 |
| 9/21/2016 | AP DIP EAM | 3407 | Check ISSUED | 091416-GCMC | 9/14/2016 | INV | 2 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 100,000.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 100,000.00 |
| 10/19/2016 | AP DIP EAM | 3470 | Check ISSUED | 101816-GCMC | 10/18/2016 | INV | 2 | 425.16380.0000 | PHV DUE FROM GCMC - L/T | 50,000.00 |
| | | | | | | | | | | ============ |
| | | | | | | | | | | 50,000.00 |

VENDOR   TOTAL:                                                      694,150.00

REPORT   TOTAL:                                                      694,150.00

```
RUN DATE:11/15/16      GULF COAST MEDICAL CENTER              PAGE  1
    TIME:11:56         CHECK REGISTER                         GLCKREG
                       08/17/16 THRU 11/15/16

BANK--CHECK---------------------------------------INVOICE-----------------------------
CODE NUMBER DATE   AMOUNT      PAYEE              NUMBER       DATE     AMOUNT    COMMENTS
--------------------------------------------------------------------------------------

CAP  005875 08/17/16    928.13  STATE COMPTROLLER    06012016      08/17/16    928.13
CAP  005876 08/18/16  2,182.00  CLIA LABORATORY PROGRAM 45D0495923 08/09/16  2,182.00
CAP  005877 08/22/16 70,000.00  WHARTON COUNTY TAX OFFI 2015 PT 1  08/22/16 70,000.00
CAP  005878 09/06/16  4,000.00  EL CAMPO MEMORIAL HOSPI 09062016LAB 09/01/16  4,000.00
CAP  005879 09/07/16     11.54  OFFICE OF THE ATTORNEY  ORDER#39348S 08/29/16    11.54  REMIT ID: 001032498839348
CAP  005880 09/20/16 70,000.00  WHARTON COUNTY TAX OFFI 2015 PT 2  09/20/16 70,000.00  PARTIAL PYMT 2015 TAXES
CAP  005881 09/28/16  3,638.30  TELEPACIFIC          005031 11/10/15 11/10/15  1,599.27  11/10-12/09/15 SVC
                                                     5031 12/10    12/10/15  1,575.55  12/10/15-01/09/16
                                                     5031 04/10/16 04/10/16    268.93  12/10/15-01/09/16
                                                     005031083116  08/10/16     32.65
                                                     005031091016  09/10/16     33.14  SEPT 2016 LATE CHARGE
                                                     153185091616A 09/28/16    128.76  PARTIAL PYMT A 09162016
CAP  005882 09/29/16     11.54  OFFICE OF THE ATTORNEY  39348S 092316 09/23/16    11.54  REM ID:001032498839348S
CAP  005883 09/29/16  2,000.00  EL CAMPO MEMORIAL HOSPI 09292016LAB 09/29/16  2,000.00  EL CAMPO MEM HOS LAB 0929
CAP  005884 09/29/16  2,000.00  EL CAMPO MEMORIAL HOSPI 09292016LAB2 09/29/16 2,000.00  EL CAMPO MEM HOSP LAB 092
CAP  005885 09/29/16  1,000.00  EL CAMPO MEMORIAL HOSPI 09292016LAB3 09/29/16 1,000.00  EL CAMPO MEM LAB FEE3 092
CAP  005886 09/29/16  5,175.41  JOY JANAK            092916-02     09/29/16    708.10  J JANAK SUPPLY EXPENSE RE
                                                     00585         09/29/16  1,547.88  JOY JANAK SUPPLY EXPENSES
                                                     092916-03     09/29/16  2,919.43  J JANAK SUPPLY EXPENSE RE
CAP  005887 10/06/16  2,006.41  EL CAMPO MEMORIAL HOSPI 10062016UMR JS 10/06/16 2,006.41 SURGERY BILL/JESSICA SANC
CAP  005888 10/06/16  8,456.52  AT&T                2057253 7/5/15 07/05/15  1,606.30  7/5-8/4/15 VOIP
                                                     2057253 080515 08/05/15  1,725.30  8/5-9/4/15 VOIP PLAN
                                                     2057253 9/5   09/05/15  1,779.56  9/5-10/4/15
                                                     000257253 10/5 10/05/15  1,554.59  10/5-11/4/15 VOIP
                                                     0002057253 12/5 12/05/15 1,790.77  12/5-1/4/16 VOIP
CAP  005889 10/06/16     11.54  OFFICE OF THE ATTORNEY  ORDER#39348S923 10/01/16 11.54  GARMAN CHILD SUP CK 10/07
CAP  005890 10/11/16  3,638.30  TELEPACIFIC          REPRINT CK 5881 10/11/16 3,638.30  REPRINT CK 5881
CAP  005891 10/17/16 70,000.00  WHARTON COUNTY TAX OFFI 2015 PT 3  10/17/16 70,000.00  3RD PYMT FOR 2015 TAXES
CAP  005892 10/18/16  1,220.80  PHILLIP GARMAN       EM CK 092316  10/18/16  1,220.80  P GARMAN MANUAL PR CK REI
CAP  005893 10/18/16  8,025.65  EL CAMPO MEMORIAL HOSPI 10062016UMR2 10/06/16  8,025.65  DENIED UMR CLAIM J SANCHE
CAP  005894 10/19/16  2,667.38  LEROY KOCIAN         EMP CK 0923162 09/23/16  2,667.38  L KOCIAN EMP REISSUE CK 0
CAP  005895 10/19/16  1,279.45  NANCY CHAPMAN        EMP CK 0923163 09/23/16  1,279.45  N CHAPMAN-EMP CK REISSUE
CAP  005896 10/20/16  1,350.00  BOBBY GONZALES       100516        10/05/16  1,350.00  OCT 2016 LAWN SERVICE
CAP  005897 10/21/16     11.54  OFFICE OF THE ATTORNEY  ORDER#39348S1021 10/21/16 11.54  P GARMAN ORDER#39348S
CAP  005898 10/21/16  4,000.00  EL CAMPO MEMORIAL HOSPI LAB 10212016 1 10/19/16  2,000.00  ECMH - LAB SERVICES
                                                     LAB 10212016 2 10/19/16  2,000.00  ECMH - LAB SERVICE FEES
CAP  005899 10/25/16  1,076.76  JILL I BERG          JIB 10252016  10/25/16  1,076.76  CONTRACT CODING 8/29-9/30
CAP  005900 10/26/16  2,608.69  LISA A SLIVA         EM CK 092316 5 10/26/16  2,608.69  L SLIVA EM PR CK REISSUE
CAP  005901 10/26/16    124.26  NANCY MONTELLO       EMP CK092316 4 10/26/16    124.26  N MONTELLO EMP PR REISSUE
CAP  005902 11/01/16 25,000.00  CONSTELLATION NEW EVERG 27779868   09/22/15  9,156.23  JUL/AUG 2015
                                                     0028575050    10/29/15  6,684.19  SEPT 2015 GAS
                                                     29139765      11/24/15  7,829.57  OCT 2015
                                                     0035781204PT1 10/22/16  1,330.01  9/26/2016 PT 1 SPLIT STAT
CAP  005903 11/02/16 70,000.00  WHARTON COUNTY TAX OFFI 2015 PT 3 REPRIN 11/02/16 70,000.00 REPRINT CK # 5891 INSUF F
CAP  005904 11/02/16  6,433.94  JOY JANAK            110216 04     11/02/16    552.50  INSOURCE INVOICE
                                                     110216 05     11/02/16    706.03  ADM BO PHARM SUPPLIES
                                                     110216 02     11/02/16    708.10  SUPPLIES
                                                     110216 01     11/02/16  1,547.88  SUPPLIES
                                                     11021603      11/02/16  2,919.43
CAP  005905 11/14/16    552.50  JOY JANAK            11141601      11/14/16    552.50  INSOURCE INV 45399579
```

```
RUN DATE:11/15/16            GULF COAST MEDICAL CENTER              PAGE   2
    TIME:11:56               CHECK REGISTER                        GLCKREG
                             08/17/16 THRU 11/15/16

BANK--CHECK---------------------------------------INVOICE-----------------------------------------
CODE  NUMBER DATE    AMOUNT      PAYEE              NUMBER      DATE    AMOUNT    COMMENTS
-------------------------------------------------------------------------------------------------
CAP  005906 11/14/16   1,393.05  JOY JANAK          11141602   11/14/16   1,393.05  INSOURCE SUPPLIES POSTAGE

TOTALS:             370,803.71
```

Debtor      **GCMC of Wharton County Texas, LLC**                              Case number (if known) _____
              Name

**4.    Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

**5.    Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

**6.    Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7.    Legal actions, administrative proceedings, court actions, executions, attachments, or government audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity--within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | W.W. Grainger, Inc. v. GCMC of Wharton County Texas LL both d/b/a Gulf Coast Medical Center et al. | Breach of Contract | County Civil Court at Law No. 2, Harris<br>Name<br>201 Caroline, 5th Floor<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**1058914** | | Houston         TX   77002<br>City              State  ZIP Code | |
| 7.2. | CHG Healthcare Services, Inc. d/b/a CompHealth v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast | Breach of Contract | 23rd Judicial Dist Court, Wharton Cou<br>Name<br>11 E. Locust, room 402<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV47967** | | Angleton,        TX   77515<br>City              State  ZIP Code | |
| 7.3. | AGFA Health Care Corp. v. GCMC of Wharton County Texas LLC d/b/a Gulf Coast Medical Center | Sworn Account, Breach of Contract, Account States, Quantum Meruit | 23rd Judicial District Court<br>Name<br>111 E. Locust, Room 402<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV48103** | | Angleton,        TX   77515<br>City              State  ZIP Code | |

| Debtor | **GCMC of Wharton County Texas, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7.4.**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| G&E HC Reit II Wharton MOB, LLC v. GCMC of Wharton County, Texas LLC | Breach of Lease/Breach of Contract | **329th Judicial District Court** <br> Name <br> **100 S. Fulton, Suite 200** <br> Number   Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case number <br> **CV48138** | | **Wharton,           TX    77488** <br> City                      State   ZIP Code | |

**7.5.**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| Toshiba America Medical Systems v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center | Breach of Contract | **County Civil Court at Law No. 2** <br> Name <br> **201 Caroline, Suite 740** <br> Number   Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case number <br> **1065160** | | **Houston           TX    77002** <br> City                      State   ZIP Code | |

**7.6.**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| TLC Staffing, LLC v. GCMC of Wharton County Texas, LLC | Sworn Account | **23rd Judicial District Court** <br> Name <br> **111 E. Locust, Room 402** <br> Number   Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case number <br> **CV48101** | | **Angleton,         TX    77515** <br> City                      State   ZIP Code | |

**7.7.**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| Comprehensive Pharmacy Services, LLC f/k/a Comprehensive Pharmacy Services v. GCMC et al. | Breach of Contract, Quantum Meruit, Promissory Estopped | **329th Judicial District Court** <br> Name <br> **100 S. Fulton, Suite 200** <br> Number   Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case number <br> **CV47480** | | **Wharton,           TX    77488** <br> City                      State   ZIP Code | |

**7.8.**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| Nabco Entrances v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center | | **Precinct 1 Justice of the Peace** <br> Name <br> **1017 N. Alabama Road** <br> Number   Street | ☐ Pending <br> ☐ On appeal <br> ☑ Concluded |
| Case number <br> **SC1571** | | **Wharton,           TX    77488** <br> City                      State   ZIP Code | |

**7.9.**

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| Standard Register, Inc. v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center | Breach of Contract | **Justice of the Peace for Precinct 1,Pl 2** <br> Name <br> **1302 Preston** <br> Number   Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case number <br> **CV12C0147840** | | **Houston           TX    77002** <br> City                      State   ZIP Code | |

| Debtor | GCMC of Wharton County Texas, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.10. | GE Healthcare v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center | Swron Account, Breach of Contract, Quantum Meruit and Unjust Enrichment, Conditions Precednet | **329th Judicial District Court**<br>Name<br>**100 S. Fulton, Suite 200**<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV48102** | | **Wharton,**           **TX    77488**<br>City                          State   ZIP Code | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.11. | Johnson & Johnson Health Care Systems, Inc. et al. v. GCMC | Breach of Contract, Quantum Meruit/Unjust Enrichment | **23rd Judicial District Court**<br>Name<br>**111 E. Locust, Room 402**<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV47987** | | **Angleton**           **TX    77515**<br>City                          State   ZIP Code | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.12. | Wharton Kidney Center, LP v. Gulf Coast Medical Center | | **Precinct 1 Justice of the Peace**<br>Name<br>**1017 N. Alabama Road**<br>Number   Street | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| | Case number<br>**SC1580** | | **Wharton**           **TX    77488**<br>City                          State   ZIP Code | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.13. | GDF Suez Energy Resources NA, Inc. v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Cen | Breach of Contract | **23rd Judicial District Court**<br>Name<br>**111 E. Locust, Room 402**<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV48357** | | **Angleton**           **TX    77515**<br>City                          State   ZIP Code | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.14. | G.E. Capital Information Technology Solutions, Inc. v. Signature Gulf Coast Hospital, L.P. | Breach of Contract, Quantum Meruit | **23rd Judicial District Court**<br>Name<br>**111 E. Locust, Room 402**<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV48407** | | **Angleton**           **TX    77515**<br>City                          State   ZIP Code | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.15. | Reliant Business Products, Inc. v. Gulf Coast Medical Center | | **Precinct 1 Justice of the Peace**<br>Name<br>**1017 N. Alabama Road**<br>Number   Street | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| | Case number<br>**SC1587** | | **Wharton,**           **TX    77488**<br>City                          State   ZIP Code | |

11/21/2016 11:50:46am

Debtor   **GCMC of Wharton County Texas, LLC**          Case number (if known) _____
        Name

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.16. | McKesson Medical-Surgical Minnesota Supply, Inc. v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coa | Breach of Contract | Harris County Civil Court at Law No. 2<br>Name<br>201 Caroline, Suite 740<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>1066837 | | Houston,          TX    77002<br>City                State   ZIP Code | |
| 7.17. | Standard Textile Co., Inc. v. GCMC of Wharton County, Texas LLC | Debt (Unsworn Account) | 329th Judicial District Court<br>Name<br>100 S. Fulton, Suite 200<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>CV48620 | | Wharton          TX    77488<br>City                State   ZIP Code | |
| 7.18. | Morrison Health Care, Inc. d/b/a Morrison Management Specialist, Inc. v. Gulf Coast Medical Center | Breach of Contract | 23rd Judicial District Court<br>Name<br>111 E. Locust, Room 402<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>CV48701 | | Angleton          TX    77515<br>City                State   ZIP Code | |
| 7.19. | DJO, LLC v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center | Sworn Account, Breach of Contract, Default, Debt and Breach Quantum Meruit and Unjust Enrichment, Conditions Precedent | 329th Judicial District Court<br>Name<br>100 S. Fulton, Suite 200<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>CV48714 | | Wharton,          TX    77488<br>City                State   ZIP Code | |
| 7.20. | 3M Company v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center | Breach of Contract | 23rd Judicial District Court<br>Name<br>111 E. Locust, Room 402<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>CV49167 | | Angleton,          TX    77515<br>City                State   ZIP Code | |
| 7.21. | Centerpoint Energy Services, Inc. v. GCMC of Wharton County Texas, LLC et al. | Sworn Account, Breach of Contract, Default, Debto and Breach, Quantum Meruit and Unjust Enrichment, Conditions Precedent | 329th Judicial District Court<br>Name<br>100 S. Fulton. Suite 200<br>Number   Street | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>CV49010 | | Wharton          X    77488<br>City                State   ZIP Code | |

| Debtor | **GCMC of Wharton County Texas, LLC** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.22. | **Reliant Energy Retail Services, LLC v. GCMC of Wharton County Texas LLC d/b/a Gulf Coast Medical Cen** | **Sworn Account, Quantum Meruit** | **329th Judicial District Court** _Name_<br>**100 S. Fulton, Suite 200** _Number   Street_ | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV49166** | | **Wharton,**          **TX   77488** _City                        State   ZIP Code_ | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.23. | **Diversified Clinical Services, Inc. v. GCMC of Wharton County Texas, LLC and Paul Tuft** | **Sworn Account, Breach of Contract, Conversion, Piercing the Corporation Veil (Tuft), Alter Ego (Tuft), Trust Fund Doctrine, Punitive Damages, Fraudulent Conveyance** | **329th Judicial District Court** _Name_<br>**100 S. Fulton, Suite 200** _Number   Street_ | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**CV47006** | | **Wharton,**          **TX   77488** _City                        State   ZIP Code_ | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.24. | **Eckard Recovery Services, LLC v. GCMC** | Nature of case | **American Arbitration Association** _Name_<br>_Number   Street_ | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| | Case number<br>**01-05-0006-1279** | | _City                        State   ZIP Code_ | |

**8.   Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

## Part 4:   Certain Gifts and Charitable Contributions

**9.   List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

## Part 5:   Certain Losses

**10.   All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

Debtor     **GCMC of Wharton County Texas, LLC**          Case number (if known) _____
           Name

## Part 6:     Certain Payments or Transfers

**11.   Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe the property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1.   **Hughes Watters Askanase** | **Payment dates and amounts:** | | **$175,000.00** |

| | | | |
|---|---|---|---|
| **Address** | | | |
| **Total Plaza** | 08/18/2016 - $30,447.00 | | |
| Number     Street | 08/30/2016 - $27,575.20 | | |
| **1201 Louisiana, 28th Floor** | 09/21/2016 - $ 1,330.00 | | |
| | 10/21/2016 - $21,460.00 | | |
| **Houston          TX     77002** | 11/11/2016 - $41,422.56 | | |
| City               State   ZIP Code | 11/21/2016 - $ 7,765.24 | | |
| | 11/21/2016 - $45,000.00 | | |

**Email or website address**

**www.hwa.com**

**Who made the payment, if not debtor?**

**Last $25,000 provided by Paul Tuft.**

**12.   Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13.   Transfers not already listed on this statement**

List any transfers of money or other property--by sale, trade, or any other means--made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7:     Previous Locations

**14.   Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

Debtor   **GCMC of Wharton County Texas, LLC**                     Case number (if known) _____
         Name

---

| **Part 8:** | **Health Care Bankruptcies** |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

- diagnosing or treating injury, deformity, or disease, or

- providing any surgical, psychiatric, drug treatment, or obstetric care?

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|
| 15.1. **Gulf Coast Medical Center**<br>Facility name<br><br>**10141 U.S. 59 Road**<br>Number    Street<br><br><br>**Wharton**          **TX    77488**<br>City                  State    ZIP Code | **Hospital**<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | _____<br><br><br>**How are records kept?**<br>*Check all that apply:*<br>☑ Electronically<br>☑ Paper |

| **Facility name and address** | **Nature of the business operation, including type of services the debtor provides** | **If debtor provides meals and housing, number of patients in debtor's care** |
|---|---|---|
| 15.2. **Gulf Coast Family Medicine**<br>Facility name<br><br>**2022 Regional Medical Drive, #1313**<br>Number    Street<br><br><br>**Wharton**          **TX    77488**<br>City                  State    ZIP Code | **Medical Office Building**<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | _____<br><br><br>**How are records kept?**<br>*Check all that apply:*<br>☑ Electronically<br>☑ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained

**Medical and Financial Records - See Exhibit SOFA 16**

Does the debtor have a privacy policy about that information?
☐ No.
☑ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?
　　☐ No. Go to Part 10.
　　☑ Yes. Fill in below:

| **Name of plan** | **Employer Identification number of the plan** |
|---|---|
| **Gulf Coast Medical Center 401(k) Plan** | EIN: 4  2 – 0  1  2  7  2  9  0 |

Has the plan been terminated?
☑ No
☐ Yes

---

# Exhibit SOFA #16

# SIGNATURE
## HOSPITAL CORPORATION

| Policy No. HIPAA 001 | Page 1 of 24 |
|---|---|
| **Subject: Compliance with Health Insurance Portability And Accountability Act (HIPAA) Privacy Regulations** | Policy Dated:  November 01, 2006 |
| Charles R. Miller, CEO | Robert M. Starling, SVP & CFO |

## POLICY

To achieve, promote, maintain, and provide definition of terms regarding compliance with HIPAA standards for Privacy of Individually Identifiable Health Information Regulations.

## SCOPE

This PHI policy applies to all employees of Signature Hospital Corporation subsidiaries, affiliates, corporate office and allied health professionals, including trainees, students and contract workers.

## PROCEDURE

Section I – Compliance with the HIPAA Privacy Regulations

1. Signature will establish policies to achieve and maintain compliance with the HIPAA Privacy Regulations.

2. Signature will comply with the following responsibilities of covered entities as detailed in the HIPAA Privacy Regulations:

    a. Provide records and compliance reports.  A covered entity must keep such records and submit such compliance reports, in such time and manner and containing such information, as the Secretary may determine to be necessary to enable the Secretary to ascertain whether the covered entity has complied or is complying with the applicable requirements of the HIPAA Privacy Regulations.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 2 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

      b.  Cooperate with complaint investigations and compliance reviews. A covered entity must cooperate with the Secretary, if the Secretary undertakes an investigation or compliance review of the polices, procedures, or practices of a covered entity to determine whether it is complying with the applicable requirements of the HIPAA Privacy Regulations.

      c.  Permit access to information.

          i.  A covered entity must permit access by the Secretary during normal business hours to its facilities, books, records, accounts, and other sources of information, including protected health information, that are pertinent to ascertaining compliance with the applicable requirements of the HIPAA Privacy Regulations. If the Secretary determines that exigent circumstances exist, such as when documents may be hidden or destroyed, a covered entity must permit access by the Secretary at any time without notice.

         ii.  If any information required of a covered entity under this section is in the exclusive possession of any other agency, institution, or person and the other agency, institution, or person fails or refuses to furnish the information, the covered entity must so certify and set forth what efforts it has made to obtain the information.

        iii.  Protected health information obtained by the Secretary in connection with an investigation or compliance review under the HIPAA Privacy Regulations will not be disclosed by the Secretary, except if necessary for ascertaining or enforcing compliance with the applicable requirements of the HIPAA Privacy Regulations.

3.  The HIPAA privacy policies are intended to be consistent with, and subject to, the terms and provisions of the Signature Code of Conduct obligating compliance with the laws and regulations that govern the health care industry, as well as the other policies and procedures of Signature and its facilities. The HIPAA privacy policies are also subject to the provisions of state law in the states in which Signature facilities are located. In the event that state law is more restrictive than the provisions of Signature's HIPAA privacy policies, the more restrictive state law will prevail, and a facility operating in such a state must implement the HIPAA privacy policies in a manner that is consistent with, and fully compliant with, such state law.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 3 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

4. Signature facilities and health care providers will establish appropriate procedures to implement the HIPAA privacy policies.

5. HIPAA privacy organizational matters.

   5.1 All covered entities that are (i) affiliates of Signature and (ii) health care providers are hereby designated as an affiliated covered entity or ACE for purposes of the HIPAA Privacy Regulations. Signature will be a business associate of the ACE and will enter into such agreement(s) with the ACE as are deemed necessary to enable the ACE and its constituent members to disclose PHI to Signature.

   5.2 To the extent that a facility and its medical staff constitute an OHCA for purposes of the HIPAA Privacy Regulations, a single Notice of Privacy Practices will be used by all members of the OHCA while rendering services in the OHCA's clinically integrated care setting.

   5.3 In addition the BAC with Signature described above, each facility will enter into a BAC with each of its business associates using an approved Signature form of BAC.

Section II – Privacy Officer

1. Corporate Privacy Officer
   a. The Vice President and Chief Compliance Officer will provide guidance and may make recommendations of appropriate subjects of HIPAA compliance-related polices for development and implementation for Signature. The Vice President and Chief Compliance Officer will be the final arbiter in all matters related to HIPAA privacy policies.
   b. The Vice President and Chief Compliance Officer may receive privacy complaints through the Signature Ethics and Compliance Hotline.
   c. The Vice President and Chief Compliance Officer is responsible for design of the overall privacy educational program.

2. Facility Privacy Offer
   a. The Facility Privacy Offer is responsible for the facility's compliance with the HIPAA policies.
   b. The Facility Privacy Officer is responsible for receiving privacy complaints and is able to provide further information about privacy matters covered in the facility's Notice of Privacy Practices.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 4 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

    c.  The Facility Privacy Officer is responsible for ensuring that compliance with the HIPAA privacy policies is monitored, and for ensuring that corrective action occurs when indicated.

    d.  The Facility Privacy Officer and designated staff members, as appropriate will:

        i.  Address PHI violations as such violations become evident;

        ii.  Use professional judgment to correct harmful situations to patients caused by intentional or accidental use and disclosure of PHI;

        iii.  Initiate activities to prevent further repetition of violations; and Document corrective actions taken.

    e.  The Facility Privacy Officer is responsible for the training of the members of the workforce of the facility on the HIPAA privacy policies and the facility's health information privacy policies and procedures.

    f.  The Facility Privacy Officer is responsible for ensuring that facility department directors monitor their staffs' activities for compliance with the HIPAA Privacy Policies as part of ongoing review of departmental operations and take corrective actions when indicated.

Section III – Implementation of Privacy Policies

1.  All HIPAA privacy policies will be considered to be a part of, and incorporated into, Signature policies.

2.  Under the direction of the Facility Privacy Officer, the facility will develop appropriate procedures to implement the HIPAA privacy policies.

3.  The HIPAA privacy policies include:

    a.  HIPAA 001 – Compliance with HIPAA Privacy Regulations

    b.  HIPAA 002 – Use and Disclosure of PHI for Treatment, Payment and Health Care Operations

    c.  HIPAA 003 – Use and Disclosure of PHI Without Authorization

    d.  HIPAA 004 – Use and Disclosure of PHI With Authorization

    e.  HIPAA 005 – Use and Disclosure of Psychotherapy Notes

    f.  HIPAA 006 – Use and Disclosure of PHI for Facility Directory  Purposes

    g.  HIPAA 007 – Use and Disclosure of PHI to Persons Involved in the Patient's Care for Notification Purposes, and Disaster Relief  Purposes

    h.  HIPAA 008 – Use and Disclosure of PHI for Fundraising

    i.  HIPAA 009 – Use and Disclosure of PHI for Marketing

    j.  HIPAA 010 – Use and Disclosure of PHI for Research

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 5 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure - Continued

        k.  HIPAA 011 – Minimum Necessary Standard for Use and Disclosure of PHI
        l.  HIPAA 012 – Limited Data Set
        m.  HIPAA 013 – Individual's Right of Access to PHI
        n.  HIPAA 014 – Accounting of Disclosures of PHI
        o.  HIPAA 015 – Patient's Right to Request Amendment of PHI
        p.  HIPAA 016 – Patient's Request for Confidential Communications of PHI
        q.  HIPAA 017 – Patient's Request for Restricting Use and Disclosure of PHI
        r.  HIPAA 018 – Notice of Privacy Practices
        s.  HIPAA 019 – De-identification of PHI

Section IV – Training of Workforce on Privacy Policies

1. All members of the workforce for each Signature facility must be trained on the HIPAA privacy policies and such facility's health information privacy policies and procedures.

2. When a material change is made to the HIPAA privacy policies or the health information privacy policies and procedures of a facility, the affected members of the facility's workforce will be trained on the material changes.

3. The facility will document the training that has been provided and such documentation must be maintained for six years from the creation date or the date when it was last in effect, whichever is later.

Section V – Sanctions for Violations of Privacy Policies

1. Signature Hospital Corporation's Employee Conduct and Disciplinary Policy describes the types of behaviors that are counterproductive to the mission of Signature and this facility providing patient care. This policy states "failure by any employee to comply with any policies, rules, practices, or reasonable expectations may result in corrective counseling up to and including involuntary termination of employment." Any unauthorized use, disclosure or release of PHI, or failure to follow the facility's health information privacy policies and procedures, including all HIPAA policies, may result in sanctions of employees as detailed in this policy.

2. All sanctions applied to employees as a result of a violation or pattern of violations of a facility's health information privacy policies and procedures will be documented in the employee's personnel file.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 6 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

    3. Where a facility knows of a material breach or violation by a business associate of a BAC, the facility is required to take reasonable steps to cure the breach or end the violation, and if such steps are unsuccessful, to terminate the contract or arrangement. If termination of the BAC is not feasible, Signature is required to report the problem to the OCR.

Section VI – Mitigation

    1. A facility must mitigate, to the extent practicable, any harmful effect that is known to the facility of a use or disclosure of protected health information in violation of its policies and procedures or the HIPAA requirements by the facility or the facility's business associate.

    2. When a member of the workforce of any facility has actual knowledge of a violation of HIPAA or the facility's privacy policies or procedures, the workforce member must report the violation to the Facility Privacy Officer. This includes violations committed by members of the facility's workforce or a business associate.

Section VII – Privacy Complaints

    1. Patients and other persons have the right to complain to the facility or the Secretary of the Department of Health and Human Services (DHHS) if they believe their privacy rights have been violated, or the facility has violated its privacy practices, or the HIPAA Privacy Rule. Patients cannot be required to waive their rights to file a complaint with the Secretary of DHHS, or other rights as a condition of the provision of treatment, payment, enrollment in a health plan, or eligibility for benefits.

    2. Patients must be notified of their right to file a privacy complaint with the facility or the Secretary of DHHS in the Notice of Privacy Practices.

    3. The facility will receive, process, and resolve complaints in a timely manner, document the resolution, and assure no retaliatory actions are taken against the person who files a complaint.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 7 of 24 |
|---|---|---|
| Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations | Policy Dated: November 01, 2006 | |

Procedure - Continued

4. The facility will investigate when privacy complaints about business associates are received, or when other information is received that contains substantial and credible evidence of violations of privacy practices by a business associate. The facility must act upon any knowledge of such violation that it possesses.

5. Privacy complaints received through the Signature Ethics and Compliance Hotline will be processed as described in the Signature Ethics and Compliance program.

Section VIII – Workforce Members Who Are Victims of Crime

1. Facility staff members who are victims of a crime may release information (including PHI) to law enforcement representatives without disciplinary action. The information may be released provided that:
   a. The PHI disclosed is about the person suspected to be responsible for the crime; and
   b. The PHI disclosed is limited to the following:
      i. Name and address;
      ii. Date and place of birth;
      iii. Social security number;
      iv. ABO Blood type and RH factor;
      v. Type of injury;
      vi. Date and time of treatment;
      vii. Date and time of death, if applicable; and
      viii. A description of distinguishing physical characteristics, including height, weight, gender, race, hair and eye color, presence or absence of facial hair ( beard or mustache), scars, and tattoos.

Section IX – Non-Retaliation – Complaints, Investigations and Opposition Exceptions

1. Non-Retaliation – Signature will not intimidate, threaten, coerce, discriminate against, or take other retaliatory action against any individual, business associate or other person for:
   a. Filing a complaint with the Secretary of the U.S. Department of Health and Human Services under the HIPAA Privacy Regulations;
   b. Testifying, assisting, or participating in an investigation, compliance Review, proceeding, or hearing under Part C of title XI; or

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 8 of 24 |
|---|---|---|
| **Subject:  Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated:  November 01, 2006 | |

Procedure - Continued

      c.  Opposing any act or practice made unlawful in the HIPAA regulation, provided the individual or person has a good faith belief that the practice opposed is unlawful, and the manner of the opposition is reasonable and does not involve a disclosure of PHI in violation of the HIPAA regulation.

Section X – Defined Terms and Acronyms

These terms and acronyms are used in the HIPAA privacy policies and have the following definitions and meanings:

**Accounting of disclosures** – A written record of certain disclosures of PHI that may be required to be maintained and provided to a requesting individual under certain prescribed circumstances.

**ACE** – Affiliated Covered Entity

**Affiliated covered entity** – Legally separate covered entities that are under common ownership or control and have designated themselves as a single covered entity for purposes of the HIPAA Privacy Regulations.

**AIDS** – Acquired Immunodeficiency Syndrome

**ASP** – Applications Service Provider

**Authorization** – A written document completed and signed by the individual that generally allows use and disclosure of PHI for purposes other than treatment, payment or health care operations.

**BA** – Business Associate

**BAC** – Business Associate Contract

**Business associate** – A person, entity, and company or organization that performs a function or activity on behalf of the covered entity and that function or activity involves the use of disclosure of protected health information; and is not a member of the health care provider's workforce.

**CE** – Covered Entity

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 9 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

**Covered entity** – (1) A health plan. (2) A health care clearinghouse. (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by HIPAA.

**CFR** – Code of Federal Regulations

**CLIA** – Clinical Laboratory Improvement Amendments

**Closed records** – Medical records of patients who have been discharged or released from the facility.

**Common Rule** – The Federal Policy for Protection of Human subjects described in 45 CFR Part 46, Subpart A. The Common rule provides protections for individuals and establishes the role of institutional review boards in achieving those protections.

**Correctional institution** – Any penal or correctional facility, jail, reformatory, detention center, work farm, halfway house, or residential community program center operated by, or under contract to, the United States, a State, a territory, a political subdivision of a State or territory, or an Indian tribe, for the confinement or rehabilitation of persons charged with or convicted of a criminal offense or other persons held in lawful custody. Other persons held in lawful custody includes juvenile offenders adjudicated delinquent, aliens detained awaiting deportation, persons committed to mental institutions through the criminal justice system, witnesses, or others awaiting charges or trial.

**Covered functions** – Those functions of a covered entity, the performance of which makes the entity a health plan, health care provider, or health care clearinghouse.

**Data aggregation** – With respect to protected health information created or received by a business associate in its capacity as the business associate of a covered entity, means the combining of such protected health information by the business associate with the protected health information received by the business associate in its capacity as a business associate of another covered entity, to permit data analyses that relate to the health care operations of the respective covered entities.

**De-identified information** – Health information that does not identify an individual and with respect to which there is no reasonable basis to believe that the information can be used to identify an individual. De-identified information is not subject to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 10 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

**Demographic information** – In context for the use and disclosure of protected health information for fundraising purposes, demographic information generally includes the name, address and other contact information ( such as phone numbers, e-mail address, etc.), age, gender, and insurance status.

**Designated record set** –
    (1)  A group of records maintained by or for a covered entity that is:
           (i)  The medical records and billing records about individuals maintained by or for a covered entity;
           (ii)  The enrollment, payment, claims adjudication, and case or medical management record systems maintained by or for a health plan; or
           (iii)  Used, in whole or in part, by or for the covered entity to make decisions about individuals.
    (2)  For purposes of this paragraph, the term record means any item, collection, or grouping of information that includes protected health information and is maintained, collected, used, or disseminated by or for a covered entity.
    (3)  The term record includes patient information originated by another health care provider and used by the facility to make decisions about the patient.
    (4)  The term record means tracings, photographs, video tapes, digital and other images that may be recorded to document care of the patient.

**DHHS** – Department of Health and Human Services

**Direct treatment relationship** – A treatment relationship between an individual and a health care provider that is not an indirect treatment relationship.

**Disclosure** – The release, transfer, provision of access to, or divulging in any other manner of information outside the entity holding the information.

**DRS** – Designated Record Set

**DUA** – Data Use Agreement

**Employer** – Defined as it is in the Internal Revenue Code, 26 U.S.C. 3401 (d):

    For purposes of this chapter, the term "employer" means  the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, except that –

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 11 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

       o   If the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term "employer" (except for purposes of subsection (a)) means the person having control of the payment of such wages, and

       o   In the case of a person paying wages on behalf of a nonresident alien individual, foreign partnership, or foreign corporation, not engaged in trade or business within the United States, the term "employer" (except for purposes of subsection (a)) means such person."

**EKG** – Electrocardiogram

**Facility** – Used to mean Covered Entity for the purposes of the HIPAA privacy policies.

**Facility directory** – A publication or information system that contains patient information by name, location in the facility (room number), the patient's general condition, and religion, is routinely used by facility staff members, and is commonly made available for public inquiries when the patient is asked for by name.

**FDA** – Food and Drug Administration

**FERPA** – Family Educational Rights and Privacy Act

**Fundraising** – The solicitation of funds to benefit the covered entity. Permissible fundraising activities include appeals for money, sponsorship of events, etc. They do not include royalties or remittances for the sale of products of third parties (except auctions, rummage sales, etc.)

**Health care** – Care, services, or supplies related to the health of an individual. Health care includes, but is not limited to, the following:
       (1) Preventative, diagnostic, therapeutic, rehabilitive, maintenance, or palliative care, and counseling, service assessment or procedure with respect to the physical or mental condition, or functional status, or an individual or that affects the structure or function of the body; and
       (2) Sale or dispensing of a drug, device, equipment, or other item in accordance with a prescription.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 12 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

**Health care clearinghouse** – A public or private entity including a billing service, repricing company, community health management information system or community health information system, and "value-added" networks and switches that does either of the following functions:

(1) Processes or facilitates the processing of health information received from another entity in a nonstandard format or containing nonstandard data content into standard data elements or a standard transaction.

(2) Receives a standard transaction from another entity and processes or facilitates the processing of health information into nonstandard format or nonstandard data content for the receiving entity.

**Health care operations** – Any of the following activities of the covered entity to the extent that the activities are related to covered functions:

(1) Conducting quality assessment and improvement activities, including outcomes evaluation and development of clinical guidelines, provided that the obtaining of generalizable knowledge is not the primary purpose of any studies resulting from such activities; population-based activities relating to improving health or reducing health care costs, protocol development, case management and care coordination, contacting of health care providers and patients with information about treatment alternatives; and related functions that do not include treatment;

(2) Reviewing the competence of qualifications of health care professionals, evaluating practitioner and provider performance, health plan performance, conducting training programs in which students, trainees, or practitioners in areas of health care learn under supervision to practice or improve their skills as health care providers, training of non-health care professionals, accreditation, certification, licensing, or credentialing activities;

(3) Underwriting, premium rating, and other activities relating to the creation, renewal or replacement of a contract of health insurance or health benefits, and ceding, securing, or placing a contract for reinsurance of risk relating to claims for health care (including stop loss insurance and excess of loss insurance), provided that the requirements of § 164.514 (g) are met, if applicable;

(4) Conducting or arranging for medical review, legal services, and auditing functions, including fraud and abuse detection and compliance programs;

(5) Business planning and development, such as conducting cost management and planning-related analyses related to managing and

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 13 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

operating the entity, including formulary development and administration, development or improvement of methods of payment or coverage policies; and

(6) Business management and general administrative activities of the entity, including, but not limited to:

(i.) Management activities relating to implementation of and compliance with the requirements of the HIPAA Privacy Regulations;

(ii.) Customer service, including the provision of data analyses for policy holders, plan sponsors, or other customers, provided that protected health information is not disclosed to such policy holder, plan sponsor or customer.

(iii.) Resolution of internal grievances;

(iv.) The sale, transfer, merger, or consolidation of all or part of the covered entity with another covered entity, or an entity that following such activity will become a covered entity and due diligence related to such activity; and

(v.) Consistent with the applicable requirements of § 164.514, creating de-identified health information or a limited data set, and fundraising for the benefit of the covered entity.

**Health care provider** – A provider of services ( as defined in section 1861 (u) of the Act, 42 U.S.C. 1395x(u)), a provider of medical or health services (as defined in section 1861(s) if the Act, 42 U.S.C. 1395x(s)), and any other person or organization who furnishes, bills, or is paid for health care in the normal course of business.

**Health maintenance organization** – (as defined in section 279 (b) (3) of the PHS Act, 42 U.S.C. 300gg-91 (b) (3) and used in the definition of health plan in the section) A federally qualified HMO, an organization recognized as an HMO under State law, or similar organization regulated for solvency under State law in the same manner and to the same extent as such an HMO.

**Health information** – Any information, whether oral or recorded in any form or medium, that:

(1) Is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and

(2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual;

| Signature Hospital Corporation | Publication: HIPAA 001 | Page14 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

or the past, present, or future payment for the provision of health care to an individual.

**Health oversight agency** – An agency or authority of the United States, a State, a territory, a political subdivision of a State or territory, or an Indian tribe, or a person or entity acting under a grant of authority from or contract with such public agency, including the employees or agents of such public agency or its contractors or persons or entities to whom it has granted authority, that is authorized by law to oversee the health care system (whether public or private) or government programs in which health information is necessary to determine eligibility or compliance, or to enforce civil rights laws for which health information is relevant.

**Health plan** – An individual or group plan that provides, or pays the cost of, medical care (as defined in section 2791 (a) (2) of the PHS Act, 42 U.S.C. 300gg-91 (a) (2)).

(1) Health plan includes the following, singly or in combination:

(i.) A group health plan, as defined in this section.

(ii.) A health insurance issuer, as defined in this section.

(iii.) An HMO, as defined in this section.

(iv.) Part A or Part B of the Medicare program under title XVIII of the Act.

(v.) The Medicaid program under title XIX of the Act, 42 U.S.C. 1396, et seq. An issuer of a Medicare supplemental policy (as defined in section 1882 (g) (1) of the Act, 42 U.S.C. 1395ss (g) (1)).

(vi.) An issuer of a long-term care policy, excluding a nursing home fixed-indemnity policy.

(vii.) An employee welfare benefit plan or any other arrangement that is established or maintained for the purpose of offering or providing health benefits to the employees of two or more employers.

(viii.) The health care program for active military personnel under title 10 of the United States Code.

(ix.) The veteran's health care program under 38 U.S.C. chapter 17.

(x.) The Civilian Health and Medical Program of the Uniformed Services (CHAMPUS) (as defined in 10 U.S.C. 1072 (4)).

(xi.) The Indian Health Service program under the Indian Health Care Improvement Act, 25 U.S.C. 1601, et seq.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page15 of 24 |
|---|---|---|
| **Subject:  Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated:  November 01, 2006 | |

Procedure – Continued

(xii.) The Federal Employees Health Benefits Program under 5 U.S.C. 8902, et seq.

(xiii.)An approved State child health plan under title XXI of the Act, providing benefits for child health assistance that meet the requirements of section 2103 of the Act, 42 U.S.C. 1397, et seq.

(xiv.)The Medicare + Choice program under Part C of title XVIII of the Act, 42 U.S.C. 1395w-21 through 1395w-28.

(xv.) A high risk pool that is a mechanism established under State law to provide health insurance coverage or comparable coverage to eligible individuals.

(xvi.)Any other individual or group plan, or combination of individual or group plans, that provides or pays for the cost of medical care (as defined in section 2791 (a) (2) of the PHS Act, 42 U.S.C. 300gg-91 (a) (2)).

(2) Health plan excludes:

(i.) Any policy, plan, or program to the extent that it provides, or pays for the cost of, excepted benefits that are listed in section 2791 (c) (1) of the PHS Act, 42 U.S.C. 300gg-91 (c) (1); and

(ii.) A government-funded program (other than one listed in paragraph (1) (i)- (xvi) of this definition:

(A) Whose principal purpose is other than providing, or paying the cost of, health care; or

(B) Whose principal activity is:

(1) The direct provision of health care to persons; or

(2) The making of grants to fund the direct provision of health care to persons.

**HHS** – See DHHS

**HIPAA** – Health Insurance Portability and Accountability Act of 1996

**HIPAA Privacy Regulations** – The HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 CFR Parts 160 and 164.

**HIPAA Privacy Rule** – The HIPAA Privacy Regulations

**HIM** – Health Information Management

| Signature Hospital Corporation | Publication: HIPAA 001 | Page16 of 24 |
|---|---|---|
| Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations | Policy Dated: November 01, 2006 | |

Procedure – Continued

**HMO** – Health Maintenance Organization

**HIV** – Human Immunodeficiency Virus

**HR –** Human Resources

**ID** – Identification

**IHI** – Individually Identifiable Health Information

**Indirect treatment relationship** – A relationship between an individual and a health care provider in which:
    (1) The health care provider delivers health care to the individual based on the orders of another health care provider; and
    (2) The health care provider typically provides services or products, or reports the diagnosis or results associated with the health care, directly to another health care provider, who provides the services or products or reports to the individual.

**Individual** – The person, generally the patient, who is the subject of the protected health information.

**Individually identifiable health information** – Is information that is a subset of health information, including demographic information collected from an individual, and:
    (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
    (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
        (i) That identifies the individual; or
        (ii)With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

**Inmate** – A person incarcerated in or otherwise confined to a correctional institution.

**Institutional review board** – Defined in 21 CFR Part 56, Appendix C: "Institutional Review Board (IRB) means any board committee, or other group formally designated by an institution to review, to approve the initiation of, and to conduct

| Signature Hospital Corporation | Publication: HIPAA 001 | Page17 of 24 |
|---|---|---|
| Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations | Policy Dated: November 01, 2006 | |

Procedure – Continued

periodic review of, biomedical research involving human subjects. The primary purpose of such review is to assure the protection of the rights and welfare of the human subjects."

**Institutionally related foundation** – A tax-exempt entity that collects funds for a covered entity, has in its charter statement of charitable purposes an explicit linkage to the covered entity, and channels collected funds to the covered entity.

**IP** – Internet Protocol

**IRB** – Institutional Review Board

**JCAHO** – Joint Commission on Accreditation of Healthcare Organizations

**Law enforcement official** – An officer or employee of any agency or authority of the United States, a State, a territory, a political subdivision of a State or territory, or an Indian tribe, who is empowered by law to:
(1) Investigate or conduct an official inquiry into a potential violation of law; or
(2) Prosecute or otherwise conduct a criminal, civil, or administrative proceeding arising from an alleged violation of law.

**Limited data set** – Protected Health information that excludes direct identifiers of individuals (patients), or of their relatives, employers or household members. A limited data set is subject to the HIPAA Privacy Rule and requires a Data Use Agreement prior to release of the data set for internal and external uses and disclosures.

**Marketing** –
(1) To make a communication about a product or service that encourages recipients of the communication to purchase or use the product or service, unless the communication is made:
   (i.) To describe a health-related product or service (or payment for such product or service) that is provided by, or included in a plan of benefits of, the covered entity making the communication, including communications about: the entities participating in a health care provider network or health plan network; replacement of, or enhancements to, a health plan; and health-related products or services available only to a health plan enrollee that add value to, but are not part of, a plan of benefits.

| Signature Hospital Corporation | Publication: HIPAA 001 | Page18 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

        (ii.) For treatment of the individual; or

        (iii.) For case management or care coordination for the individual, or to direct or recommend alternative treatments, therapies, health care providers, or settings of care to the individual.

  (2) An arrangement between a covered entity and any other entity whereby the covered entity discloses protected health information to the other entity, in exchange for direct or indirect remuneration, for the other entity or its affiliate to make a communication about its own product or service that encourages recipients of the communication to purchase or use that product or service. For examples of activities, arrangements, or other communications that constitute marketing for this purpose, see HIPAA 009 – Use and Disclosure of PHI for Marketing Purposes.

**Minimum necessary** – A reasonable effort to limit PHI to the smallest amount needed to accomplish the purpose of a use, request or disclosure of protected health information.

**NCQA** – National Committee for Quality Assurance

**Notice** – Notice of Privacy Practices

**OCR** – Office for Civil Rights (of the Department of Health and Human Services)

**OHCA** – Organized Health Care Arrangement

**Open Records** – Medical records of patients undergoing active inpatient or outpatient care who have not been discharged or released from the facility.

**Organized health care arrangement** –

  (1) A clinically integrated care setting in which individuals typically receive health care from more than one health care provider;

  (2) An organized system of health care in which more than one covered entity participates, and in which the participating covered entities:

        (i.) Hold themselves out to the public as participating in a joint arrangement; and

        (ii.) Participate in joint activities that include at least one of the following:

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 19 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

        (A) Utilization review, in which health care decisions by participating covered entities are reviewed by other participating covered entities or by a third party on their behalf;

        (B) Quality assessment and improvement activities, in which treatment provided by participating covered entities is assessed by other participating covered entities or by a third party on their behalf; or

        (C) Payment activities, if the financial risk for delivering health care is shared, in part or in whole, by participating covered entities through the joint arrangement and if protected health information created or received by a covered entity is reviewed by other participating covered entities or by a third party on their behalf for the purpose of administering the sharing of financial risk.

(3) A group health plan and a health insurance issuer or health maintenance organization (HMO) with respect to such group health plan, but only with respect to protected health information created or received by such health insurance issuer or HMO that relates to individuals who are or who have been participants or beneficiaries in such group health plan;

(4) A group health plan and one or more other group health plans each of which are maintained by the same plan sponsor; or

(5) The group health plans described in paragraph (4) of this definition and health insurance issuers or HMOs with respect to such group health plans, but only with respect to protected health information created or received by such health insurance issuers or HMOs that relates to individuals who are or have been participants or beneficiaries in any of such group health plans.

**Payment** –

(1) The activities undertaken by:

        (i.) A health plan to obtain premiums or to determine or fulfill its responsibility for coverage and provision of benefits under the health plan; or

        (ii.) A health care provider or health plan to obtain or provide reimbursement for the provision of health care; and

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 20 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

    (2) The activities in paragraph (1) of this definition relate to the individual to whom health care is provided and include, but are not limited to:

        (i.)  Determinations of eligibility or coverage (including coordination of benefits or the determination of cost sharing amounts), and adjudication or subrogation of health benefit claims;

        (ii.)  Risk adjusting amounts due based on enrollee health status and demographic characteristics;

        (iii.)  Billing, claims management, collection activities, obtaining payment under a contract for reinsurance (including stop-loss insurance and excess of loss insurance), and related health care data processing;

        (iv.)  Review of health care services with respect to medical necessity, coverage under a health plan, appropriateness of care, or justification of charges;

        (v.)  Utilization review activities, including precertification and preauthorization of services, concurrent and retrospective review of services; and

        (vi.)  Disclosure to consumer reporting agencies of any of the following protected health information relating to collection of premiums or reimbursement:

            (A.)  Name and address;
            (B.)  Date of birth;
             (C.)  Social Security number;
            (D.)  Payment history;
            (E.)  Account number; and
            (F.)  Name and address of the health care provider and/or health plan.

**Person** – those who may file a privacy complaint including the patient, individual, patient's personal representative, employee, business associate, group or organization.

**PHI** – Protected Health Information

**Privacy board** – A board that:

    (1) Has members with varying backgrounds and appropriate professional competency as necessary to review the effect of the research protocol on the individual's privacy rights and related interests;

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 21 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

(2) Includes at least one member who is not affiliated with the covered entity, not affiliated with any entity conducting or sponsoring the research, and not related to any person who is affiliated with any of such entities; and

(3) Does not have any member participating in a review of any project in which the member has a conflict of interest.

**Protected health information** – Individually identifiable health information that is transmitted by electronic media; maintained in any medium; or transmitted or maintained in any other form. PHI excludes individually identifiable health information in education records covered by the Family Educational Rights and Privacy Act (FERPA), and records held by a covered entity in its role as an employer.

**Psychotherapy notes** – Notes recorded (in any medium) by a health care provider who is a mental health professional that:

(1) Document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session and

(2) Are separated from the rest of the individual's medical record.

Psychotherapy notes exclude medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary diagnosis, functional status, treatment plan, symptoms, prognosis, and progress to date.

Psychotherapy notes are used only by the therapist who wrote them, maintained separately from the medical record and not normally involved in the documentation necessary for health care treatment, payment or health care operations.

**Public health authority** – An agency or authority of the United States, a State, a territory, a political subdivision of a State or territory, or an Indian tribe, or a person or entity acting under a grant of authority from or contract with such public agency, including the employees or agents of such public agency or its contractors or persons or entities to whom it has granted authority, that is responsible for public health matters as part of its official mandate.

**Record custodian** – The individual identified by the facility to be responsible for the safekeeping, maintenance and release of protected health information. The facility Record Custodians include:

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 22 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

    (1) Director of Health Information Management or designee – patient medical records; videos and photographs taken in the course of health care; case management and medical management records; fetal monitoring, EKG or other tracings.

    (2) Director of Radiology – X-ray films, images or recordings

    (3) Director of Business Office – patient billing records

    (4) Director of Laboratory – laboratory and surgical specimens

**Re-identified information** – Health information previously de-identified may be re-identified using a code, key or other record identifier.  This re-identified information is subject to the HIPAA Privacy Rule.

**Required by law** – A mandate contained in law that compels an entity to make a use or disclosure of protected health information and that is enforceable in a court of law.

Required by law includes, but is not limited to, court orders and court-ordered warrants; subpoenas or summons issued by a court, grand jury, a governmental or tribal inspector general, or an administrative body authorized to require the production of information; a civil or an authorized investigative demand; Medicare conditions of participation with respect to health care providers participating in the program; and statutes or regulations that require such information if payment is sought under a government program providing public benefits.

**Research** – A systematic investigation, including research development, testing, and evaluation, designed to develop or contribute to generalizable knowledge.

    (1) Clinical Trial – A research study that includes treatment.

    (2) Health Services Research – A multidisciplinary field of inquiry, both basic and applied, that examines the use, cost, quality, accessibility, delivery, organization, financing, and outcomes of health care services to increase knowledge and understanding of the structure, processes, and effects of health services for individuals and populations, such projects apply scientific methods to test hypotheses and produce new, generalizable knowledge.

**Secretary** – The Secretary of Health and Human Services or any other officer or employee of HHS to whom the authority involved has been delegated.

**SS#** - Social Security Number

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 23 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | **Policy Dated: November 01, 2006** | |

Procedure – Continued

**State** – Refers to one of the following;

(1) For a health plan established or regulated by Federal law, *State* has the meaning set forth in the applicable section of the United States Code for such health plan.

(2) For all other purposes, *State* means any of the States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, and Guam.

**State Law** – A constitution, statute, regulation, rule, common law, or other State action having the force and effect of law.

**Transaction** – The transmission of information between two parties to carry out financial or administrative activities related to health care. It includes the following types of information transmissions:

(1) Health care claims or equivalent encounter information.
(2) Health care payment and remittance advice.
(3) Coordination of benefits.
(4) Health care claim status.
(5) Enrollment and disenrollment in a health plan.
(6) Eligibility for a health plan.
(7) Health plan premium payments.
(8) Referral certification and authorization.
(9) First report of injury.
(10) Health claims attachments.
(11) Other transactions that the Secretary may prescribe by regulation.

**Treatment** – The provision, coordination, or management of health care and related services by one or more health care providers, including the coordination or management of health care by a health care provider with a third party; consultation between health care providers relating to a patient; or the referral of a patient for health care from one health care provider to another.

**Signature** – Signature Hospital Corporation

**URL** – Universal Resource Locator

**U.S.C.** – United States Code

| Signature Hospital Corporation | Publication: HIPAA 001 | Page 24 of 24 |
|---|---|---|
| **Subject: Compliance with Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations** | Policy Dated: November 01, 2006 | |

Procedure – Continued

**Use** – With respect to individually identifiable health information, means the sharing, employment, application, utilization, examination, or analysis of such information within an entity that maintains such information.

**Workforce** – Employees, volunteers, trainees, and other persons whose conduct, in the performance of work for a covered entity, is under the direct control of such entity, whether or not they are paid by the covered entity. This includes full-time, part-time, or PRN staff, regularly scheduled contract workers, members of the Board of Trustees, and other defined by the health care facility.

Debtor    **GCMC of Wharton County Texas, LLC** _____     Case number (if known) _____
         Name

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts, certificates of deposit, and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

18.1.   **Capital One** _____
       Name

                                   XXXX- **1   0   1   9**

                                               ☐ Checking                  **March 2016** _____
_____                                           ☐ Savings
    Number      Street                                     ☐ Money market
_____                                           ☐ Brokerage
_____                                           ☐ Other _____
    City                      State    ZIP Code

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

## Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

11/21/2016 11:50:46am

Debtor   __GCMC of Wharton County Texas, LLC_____   Case number (if known) _____
                    Name

## Part 12:   Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless or the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

Report all notices, releases, and proceedings known, regardless of when they occurred.

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**
    Include settlements and orders.

    ☑ No
    ☐ Yes. Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ☑ No
    ☐ Yes. Provide details below.

24. **Has the debtor notified any govermental unit of any release of hazardous material?**

    ☑ No
    ☐ Yes. Provide details below.

## Part 13:   Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.  Include this information even if already listed in the Schedules.

    ☑ None

26. **Books, records, and financial statements**

    26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ☐ None

    | Name and address | | | Dates of service | |
    |---|---|---|---|---|
    | 26a.1. | **Barbara Starling - Accountant** | | From **11/15/2015** | To **02/20/2016** |
    | | Name | | | |
    | | **1331 County Road 314** | | | |
    | | Street | | | |
    | | **El Campo** | **TX** | **77437** | |
    | | City | State | ZIP Code | |

    | Name and address | | | Dates of service | |
    |---|---|---|---|---|
    | 26a.2. | **Barbara Starling - Controller** | | From **01/19/2001** | To **02/24/2013** |
    | | Name | | | |
    | | **1331 County Road 314** | | | |
    | | Street | | | |
    | | **El Campo** | **TX** | **77437** | |
    | | City | State | ZIP Code | |

Debtor   **GCMC of Wharton County Texas, LLC**
     Name
Case number (if known) _____

| | Name and address | | | Dates of service | |
|---|---|---|---|---|---|
| 26a.3. | **Jennifer Fajkus - Assistant Controller** | | | From **12/21/2001** | To **04/01/2013** |
| | Name | | | | |
| | **15824 Senkel** | | | | |
| | Street | | | | |
| | **East Bernard** | **TX** | **77435** | | |
| | City | State | ZIP Code | | |

| | Name and address | | | Dates of service | |
|---|---|---|---|---|---|
| 26a.4. | **Jennifer Fajkus - Controller** | | | From **04/01/2013** | To **03/11/2016** |
| | Name | | | | |
| | **15824 Senkel** | | | | |
| | Street | | | | |
| | **East Bernard** | **TX** | **77435** | | |
| | City | State | ZIP Code | | |

26b.   List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | | | Dates of service | |
|---|---|---|---|---|---|
| 26b.1. | **Atia Buttar** | | | From _____ | To _____ |
| | Name | | | | |
| | Street | | | | |
| | City | State | ZIP Code | | |

| | Name and address | | | Dates of service | |
|---|---|---|---|---|---|
| 26b.2. | **Barbara Starling** | | | From _____ | To _____ |
| | Name | | | | |
| | **1331 County Road 314** | | | | |
| | Street | | | | |
| | **El Campo** | **TX** | **77437** | | |
| | City | State | ZIP Code | | |

26c.   List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|---|
| 26c.1. | **Kevin Crandall** | | | |
| | Name | | | |
| | **4400 North Scottsdale Road, Suite 9347** | | | |
| | Street | | | |
| | **Scottsdale** | **AZ** | **85251** | |
| | City | State | ZIP Code | |

| | Name and address | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|---|
| 26c.2. | **Deborah Martin** | | | |
| | Name | | | |
| | Street | | | |
| | City | State | ZIP Code | |

Debtor **GCMC of Wharton County Texas, LLC**           Case number (if known) _____
         Name

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a
      financial statement within 2 years before filing this case.

☐ None

**Name and address**

26d.1.  **RELIQ GULF COAST LLC**
         Name
         **11111 SANTA MONICA BLVD**
         Street
         **SUITE 500**

         **LOS ANGELES**               **CA**        **90025**
         City                          State     ZIP Code

**Name and address**

26d.2.  **Muneris**
         Name
         **5267 7th Avenue, 6th Floor**
         Street

         **New York**                  **NY**        **10018**
         City                          State     ZIP Code

**Name and address**

26d.3.  **DIXON HUGHES GOODMAN LLP**
         Name
         **500 RIDGEFIELD COURT**
         Street

         **ASHEVILLE**                 **NC**        **28806**
         City                          State     ZIP Code

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No.

☐ Yes.  Give the details about the two most recent inventories.

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders,
       or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| GCMC of Wharton Co, TX Trust | c/o John R. Becker, Esq. its Trustee<br>7047 East Greenway Parkway, Suite 370<br>Scottsdale, AZ 85254 | Member | 100% |
| Paul Tuft | 4400 North Scottsdale Rd., 9347 Scottsdale, AZ 85251 | Executive Chairman | 0% |
| Alan Tuft | | CAO | 0% |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,
       members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No

☑ Yes.  Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Joy Janak | | COO / 0% | From _____ To _____ |

| Debtor | **GCMC of Wharton County Texas, LLC** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| Loretta Flynn | 420 Lake Shore Drive<br>Wharton, TX 77488 | CEO / 0% | From June 2013 To April 2016 |
| Barbara Starling | 1331 County Rd. 314<br>El Campo, TX 77437 | CFO / 0% | From _____ To _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

---

**Part 14:** **Signature and Declaration**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11 / 21 / 2016
                    MM / DD / YYYY

X _____          Printed name  **Alan Tuft**
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  **CAO**

---

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑ No
☐ Yes