**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **GCMC of Wharton County Texas, LLC** | § | **Chapter 7** |
| **dba Gulf Coast Medical Center** | § | |
| | § | |
| **Debtor** | § | **Case No. 16-60109** |

<u>**TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**</u>

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers (the "Trustee"), in his capacity as duly appointed Chapter 7 trustee for the bankruptcy estate of GCMC of Wharton County Texas, LLC ("GCMC" or "Debtor"), files this *Application to Employ General Counsel* (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

## I.  JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408. This Court has constitutional authority to enter a final order regarding this matter because employment of professional persons by a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.

## II.  BACKGROUND

2.      On November 21, 2016 ("Petition Date"), the Debtor filed a voluntary Chapter 7 petition in this Court.  Shortly thereafter, Ronald J. Sommers ("Trustee") was appointed as the Chapter 7 Trustee.

3.      GCMC operated a general acute care community hospital located at 10141 US 59 RD in Wharton, Texas ("Property"), which was licensed for 159 beds, including 60 mental health beds for both Adult and Geriatric Behavioral Health, and was a provider of medical and surgical acute care services, including a level 4 trauma certified Emergency Department.

4.      On or about November 18, 2016, GCMC closed the hospital facility and ceased operations.

5.      GCMC owns a leasehold interest in the Property. GCMC also owns a leasehold interest in 2112 Regional Medical Drive ("MB-A"), 2022 Regional Medical Drive ("MB-B"), and 1450 Highway 59 Loop ("MB-C"), all located in Wharton, Texas.  GCMC also owns miscellaneous vehicles, furniture, equipment, and other personal property incidental to the operation of the hospital facility.

6.      GCMC is subject to numerous licenses, including, but not limited to, the FAA, Texas Department of Licensing, Texas Department of Public Safety, United States Department of Justice, Texas Department of Health Services, Center for Medicare and Medicaid Services, and The Joint Commission.

7.      The Trustee seeks to retain Nathan Sommers Jacobs, a Professional Corporation ("NSJ") as his general counsel in this case, with Jarrod B. Martin designated as lead counsel, effective as of November 21, 2016.

## IV.  APPROPRIATENESS OF RETENTION

### A.      11 U.S.C. § 327(a)

8.      The Trustee requests authority to employ NSJ pursuant to 11 U.S.C. §§ 327 and 330.  Employment of professionals is governed by 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. Specifically, 11 U.S.C. § 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

9.      NSJ does not hold an "interest adverse" to the Debtor' estates as it does not possess any economic interest that would tend to lessen the value of the estates or create either an actual or potential dispute in which the estates are a rival claimant.  See, e.g., In re Red Lion, Inc., 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994).  Additionally, NSJ and its professionals are disinterested persons as that term is defined in 11 U.S.C. § 101(14) in that NSJ, its shareholders, of counsel, and associates:

(a)      are not creditors, equity security holders, or insiders of the Debtor;

(b)      are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

      (c)      Do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

      10.      NSJ has not been retained to assist any entity or person other than the Trustee in this bankruptcy case.  If the Court approves the NSJ's proposed employment by the Trustee, NSJ will not accept any engagement or perform any service in this bankruptcy case for any entity or person other than the Trustee.

**B.      Bankruptcy Rule 2014**

      11.      Federal Rule of Bankruptcy Procedure 2014(a) provides:

> . . . . The application [to employ a professional person] shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

In satisfaction of these requirements, the Trustee has included with this Application the Affidavit of Jarrod B. Martin, which is attached hereto and incorporated herein. The Trustee further represents as follows:

      12.      <u>Facts showing the necessity for the employment of counsel</u>: The Trustee needs general counsel in this case because he needs assistance with evaluation and recovery of estate assets, handling administrative costs, possibly filing preference actions, handling possible fraudulent transfers, and, if necessary, objecting to certain Creditors' claims.  Furthermore, if it becomes necessary and appropriate to pursue any of the aforementioned assets through litigation, the Trustee will require the assistance of counsel to initiate and prosecute such litigation.

---

13.     The name of the person to be employed: The Trustee desires to employ Nathan Sommers Jacobs, A Professional Corporation, located at 2800 Post Oak Blvd., 61st Floor, Houston, TX 77056, (713) 960-0303 (main); (713) 892-4800 (fax), with Jarrod B. Martin designated to act as attorney-in-charge whom will be responsible for the representation of the Trustee.

14.     The reasons for the selection: NSJ and Mr. Martin have experience representing trustees in Chapter 7 cases.  NSJ and Mr. Martin represented Robert Ogle, the elected chapter 7 trustee, as his general counsel in the Groves Hospital case, which involved several issues and parties similar to those involved in the Debtor' cases.  Specifically, NSJ and Mr. Martin assisted Mr. Ogle in the Groves Hospital case in successfully prosecuting motions to dispose of drugs and other medical supplies, to dispose of patient records in accordance with applicable state and federal law, to administer the estate, and to sell all personal property remaining inside the Groves Hospital facility. The Trustee will need to accomplish all of those objectives in this case and believes that retention of NSJ and Mr. Martin will provide cost savings to the estate in light of their prior experience in the Groves Hospital case.  Moreover, Mr. Martin has a competitive billing rate ($330/hr) compared to other area attorneys of similar experience and skill. Mr. Martin has a variety of experience in the U.S. Bankruptcy Court.  Additionally, Mr. Martin has served as a trial attorney with the Office of the United States Trustee, and the Trustee believes that Mr. Martin's investigative skills cultivated at the U.S. Trustee's office will be advantageous in this case.

15.     The professional services to be rendered: The services to be rendered by NSJ contemplated at this time are as follows:

   a.   assisting the Trustee where necessary to negotiate and consummate non-routine sales of the assets of the estate, including sales free and clear of liens, claims, and encumbrances, and to institute any necessary proceedings in regard thereto;

---

**TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**                                                                **PAGE 5**

b. assisting the Trustee in disposing of certain estate assets, such as patient records, drugs, and medical supplies, in accordance with applicable state and federal law;

c. analyzing, instituting, and prosecuting actions regarding insider transactions and third-party dealings;

d. instituting non-routine objections to proofs of claim asserted against the estate, and prosecuting all contested objections to proofs of claim asserted against the estate;

e. analyzing, instituting, and prosecuting actions regarding recovery and disposition of property of the estate;

f. analyzing, instituting, and prosecuting actions regarding avoidance of setoffs and avoidable transfers;

g. representing the estate in any other law suits or adversary proceedings as necessary;

h. assisting with the employment of professional persons by the estate, obtaining court approval to pay professionals, and, when necessary, objecting to unreasonable fee applications by those professionals;

i. investigation executory contract relationships of the Debtor and instituting necessary proceedings to assume or reject such executory contracts;

j. analyzing business associations of the Debtor and/or debts owing to the Debtor, determining the interest of the estate, and instituting and prosecuting any actions necessary to effect the recovery and liquidation of such interest or obligations; and

k. preparing for, instituting, and prosecuting any necessary examinations under FED. R. BANKR. P. 2004 and, if necessary, instituting and prosecuting motions to compel attendance and removal of persons for examination under FED. R. BANKR. P. 2005.

The Trustee reserves the right to seek amendments to the order approving this Application as may be necessary or appropriate to expand the services to be rendered by NSJ.

16. <u>Proposed arrangement for compensation</u>: The Trustee proposes to employ NSJ on an hourly-fee basis, as follows:

| | |
|---|---|
| Ronald J. Sommers | $550.00 per hour |
| Jarrod B. Martin (Lead Counsel) | $330.00 per hour |

Costs and expenses shall be paid separately from attorneys' fees.  All requests for compensation by NSJ shall be subject to Bankruptcy Court approval.  The Trustee anticipates that Mr. Martin, as lead counsel, will perform the lion's share of services in connection with the proposed engagement, though he may request assistance from Mr. Sommers as may be necessary or appropriate.  NSJ has not received a retainer for its services in connection with this case.

17.     Connections to the case: NSJ has circulated an internal conflict memorandum, and none of the attorneys at NSJ reported any potential conflict with or adverse interest to the Debtor's estate.  NSJ ran its conflicts check utilizing the mailing matrices, Schedules, and Statements of Financial Affairs filed in GCMC. To the best of the Trustee's and NSJ's knowledge, information, and belief after due inquiry—except as set forth below—NSJ does not have any connections with the Debtor, their creditors, any other party in interest, any of their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

WHEREFORE, The Trustee respectfully requests authority to employ and appoint NSJ to represent the estate in this case, effective November 21, 2016, the date of the Trustee's election, and further requests such additional relief to which he may be entitled.

Dated: December 8, 2016

Respectfully Submitted,


/s/ Ronald J. Sommers
Ronald J. Sommers
2800 Post Oak Boulevard, 61st Floor
Houston, TX 77056
Phone: (713) 960-0303
Fax: (713) 892-4800

**CHAPTER 7 TRUSTEE FOR GCMC HOSPITAL
LLC dba GULF COAST MEDICAL CENTER**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 8, 2016, a true and correct copy of the foregoing Trustee's Application to Employ General Counsel was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing Application to Employ was served upon all parties listed on the attached Service List by no later than the next day after the filing of this Notice in accordance with Bankruptcy Local Rule 9013-1(f).

*/s/ Ronald J. Sommers*
Ronald J. Sommers
