IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

IN RE:                                  §
                                        §                    Case No.: 16-60109-7
GCMC OF WHARTON COUNTY                  §
TEXAS, LLC                              §            In Proceedings Under Chapter 7
                                        §
Debtor.                                 §
                                        §

**CHAPTER 7 TRUSTEE AND CREDITOR G&E HC REIT II WHARTON MOB, LLC'S AMENDED AGREED MOTION TO REJECT UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOU RESPONSE MSUT STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JUDGE:

COMES NOW, Ronald J. Sommers, Chapter 7 Trustee ("Trustee") and Creditor G&E HC REIT II Wharton MOB, LLC ("Landlord"), and files this Amended Agreed Motion to Reject Unexpired Nonresidential Real Property Lease (the "Motion") and in support thereof would respectfully show unto the Court as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.   This is a core proceeding under 28 U.S.C. § 157(a) and (b).   Matters concerning assumption or rejection of unexpired nonresidential real property leases are governed by 11 U.S.C. §365 and Rule 6006 of the Federal Rules of Bankruptcy Procedure.

## Bankruptcy

2.      GCMC of Wharton County Texas, LLC, Debtor herein ("Debtor") filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code on November 21, 2016  (the "Petition Date") thereby commencing the above styled and numbered bankruptcy proceeding.  Ronald J. Sommers was subsequently appointed to serve as trustee of the assets of the bankruptcy estate.

## Background

3.      Historically, the Debtor was engaged in the business of providing health care as defined in 11 U.S.C § 101(27A).  Operations were conducted at its offices located at 10141 U.S. 59 Road, Wharton, TX 77488.  Debtor also leased medical offices from Landlord.

4.      Landlord and Trustee filed an Original Motion to Reject Unexpired Lease of Real Property on December 22, 2016. This Motion amends the certificate of service.

## The Unexpired Nonresidential Real Property Lease

5.      Gulf Coast Hospital, L.P. ("GCH") leased office buildings from TMB-I, L.L.C. ("TMB-I") pursuant to that certain Master Lease, dated May 9, 2000 (the " Master Lease").  On or about August 2012, the Landlord and Debtor entered into that certain Second Amendment to the Master Lease ("Second Amendment") whereby the Landlord and Debtor agreed that the

Landlord was TMB-I's successor in interest as landlord and Debtor was GCH's successor in interest as tenant. The Master Lease does not expire until March 31, 2021.

6.      The Debtor will have no further use for the leasehold premises.

### Relief Requested

7.      The Trustee and Landlord request that the Court enter an order rejecting the Lease, effective as of January 31, 2017, pursuant to § 365(a) of the Bankruptcy Code and authorizing application of any security deposit held to the balance due under the applicable lease. Further, the order should provide a deadline for the filing of any lease rejection claims sixty days from date of entry of the order granting this Motion or after any remaining property of the Debtor is removed, whichever is later.

### Discussion

8.      The Bankruptcy Code allows a trustee to assume or reject any executor contract or unexpired lease of the Debtor with the bankruptcy court's approval. *See 11 U.S.C.* § 365.

9.      The Fifth Circuit has stated that "the question whether a lease should be rejected . . . is one of business judgment." *Richmond Leasing v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943)). The business judgment test is not a strict standard, but merely requires a showing that assumption or rejection of a contract will benefit a debtor's estate. *See NLRB v. Bildisco & Bildisco (In re Bildisco),* 682 F.2d 72, 79 (3d Cir. 1982) *aff'd* 465 U.S. 513 (1984). Thus, unless a trustee's business judgment is clearly erroneous, too speculative or contrary to the provisions of the Bankruptcy Code, a trustee's decision to reject a contract should be approved if it appears such decision will enhance the bankruptcy estate. *Richmond Leasing*, 762 F.2d at 1309.

10.     Rejection of the Lease is in the best interest of the Debtor's estate and creditors thereof.  The Debtor has no use for the subject leasehold premises.  Upon information and belief, there is currently no ready market for the subject lease.  Extending the marketing period required to locate potential purchasers would be cost prohibitive due to the continued accrual of rentals.

11.     Good cause exists to grant this Motion and approve the trustee's proposed rejection of the subject lease.

12.     A proposed form of Order granting the relief sought in this Motion is attached hereto and incorporated herein as Exhibit "A."

13.     **WHEREFORE, PREMISES CONSIDERED**, Ronald J. Sommers, Trustee, and the Landlord respectfully prays for entry of an order rejecting the Lease, effective as the Petition Date, pursuant to § 365(a) of the Bankruptcy Code.

Dated this 22nd day of December, 2016.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/ Karen L. Hart*
    Karen L. Hart
    State Bar No. 24032401
    khart@bellnunnally.com

3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204-2429
Telephone:  (214) 740-1400
Telecopy:  (214) 740-1499

**ATTORNEYS FOR CREDITOR G&E HC REIT II WHARTON MOB, LLC**

**NATHAN SOMMERS JACOBS**

By: */s/ Ronald J. Sommers*
    Ronald J. Sommers
    State Bar No. 24032401
    efie@nathansommers.com

2900 Post Oak Blvd
61st Floor
Houston, Texas 77056
Telephone: (713) 892-4801

**CHAPTER SEVEN TRUSTEE**

## CERTIFICATE OF CONFERENCE

    I hereby certify that my firm has attempted to confer with Randall A. Rios of the firm of Hughes Watters Askanase, LLP, counsel for Debtor, with respect to this Motion, but has not received a response as of the filing of the Agreed Motion.

                                     /s/  Karen L. Hart
                                     Karen L. Hart

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies on the 22th of December, 2016, a true and correct copy of the foregoing Motion was served via ECF on the parties registered with the Court to receive ECF and via first class United States mail, postage prepaid, on the parties with mailing addresses listed on the attached service list.

                                       /s/  Karen L. Hart
                                     Karen L. Hart

3014249_1.DOCX/ 10144.13