UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GCMC of Wharton County Texas, LLC | § | Chapter 7 |
| dba Gulf Coast Medical Center, | § | |
| | § | |
| Debtor. | § | Case No. 16-60109 |

### TRUSTEE'S MOTION TO ASSIGN PHARMACEUTICAL REIMBURSEMENT PROCEEDS FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS TO CARDINAL HEALTH

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers ("**Trustee**"), Chapter 7 trustee for GCMC of Wharton County Texas, LLC, dba Gulf Coast Medical Center ("**Debtor**" or "**GCMC**"), files this *Motion to Assign Pharmaceutical Reimbursement Proceeds Free and Clear of Liens, Claims, and Interests to*

*Cardinal Health* ("**Motion**"). In support of this Motion, the Trustee respectfully states as follows:

## I.
## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This particular motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Court has constitutional authority to enter a final order regarding this Motion. 11 U.S.C. § 363(b) has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, sales of property of the estate pursuant to § 363(b) of the Bankruptcy Code is an essential bankruptcy matter, triggering the "public rights" exception. *See Id.*

## II.
## RELEVANT BACKGROUND FACTS

5. On November 21, 2016 ("**Petition Date**"), the Debtor filed a voluntary Chapter 7 petition in this Court. Shortly thereafter, Ronald J. Sommers ("**Trustee**") was appointed as the Chapter 7 Trustee.

6. GCMC operated a general acute care community hospital located at 10141 US 59 RD in Wharton, Texas ("**Property**"), which was licensed for 159 beds, including 60 mental health beds for both Adult and Geriatric Behavioral Health, and was a provider of medical and surgical acute care services, including a level 4 trauma certified Emergency Department.

7. On or about November 18, 2016, GCMC closed the hospital facility and ceased operations.

10. Following the pre-petition shut down of the Debtor's operations, the Trustee was left with an inventory of pharmaceuticals. On December 27, 2016, the Trustee filed a Motion to Transfer Pharmaceuticals Free and Clear of Liens, Claims, and Interests to Inmar [Doc. No. 36]. The Court approved the transfer of the pharmaceuticals to Inmar on January 4, 2017. Inmar is the logistics company that is processing the return of pharmaceuticals to manufacturers as they expire and processes any applicable refunds. Inmar has represented to the Trustee that the value of the returned pharmaceuticals is $25,734.63. However, when each refund will be processed is uncertain, and can take up to five years. All pharmaceuticals have been transferred to Inmar.

11. Cardinal Health is a secured creditor with a blanket lien on all of the Debtor's assets. Cardinal Health has a lien on cash collateral. As of January 13, 2017, the amount owed to Cardinal Health was $17,964.80. Additionally, under the arrangement between Inmar, Cardinal Health, and the Debtor, as each pharmaceutical refund is processed, payment is remitted to Cardinal Health until their claim is paid in full.

12. The Trustee and Cardinal Health have reached an agreement regarding the full satisfaction of Cardinal Health's secured claim. Cardinal Health agrees to release its secured claim against the estate in exchange for an assignment of all future pharmaceutical refund payments from Inmar. This assignment allows the Trustee unfettered use of cash in an estate that is, at present, administratively insolvent.

13. The Trustee believes that this course of action is in the best interest of the estate because it avoids expenses relating to inventory of the drugs and marketing of the drugs for an estate with extremely limited resources.

14. The Trustee has conferred with the Debtor and Cardinal Health regarding the existence of any other liens. The Debtor is unaware of any other liens. However, Cardinal Health believes that SCM Specialty Finance Opportunities Fund, L.P. ("**SCM**") may have a lien. The undersigned has conducted a UCC search, and has not located any financing statements that pertain to SCM. Out of an abundance of caution, the Trustee is giving notice of this motion to SCM, and seeks to assign the estate's interest in the pharmaceuticals free and clear of all liens, claims and encumbrances.

### III.
### RELIEF REQUESTED

15. By this Motion, the Trustee respectfully requests entry of an order, pursuant to 11 U.S.C. §§ 363(b) authorizing the Trustee to assign the estate's interest in certain pharmaceutical refunds from Inmar in exchange for a release of Cardinal Health's secured claim against the estate.

16. Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The Debtor's bankruptcy estate includes the Debtor's interest in pharmaceutical refunds. Pursuant to § 363(b), the Trustee needs Court authority to transfer the Non-Controlled Pharmaceuticals to Inmar.

17. Transfer of estate property outside the ordinary course of business is proper, but the trustee or debtor-in-possession must articulate a sound business reason for the transfer and show that the transfer is in the best interest of the estate (i.e. that it is fair and reasonable), that the transfer has been negotiated and proposed in good faith, that the transferee is proceeding in good faith. *See, e.g., In re Continental Airlines, Inc.*, 780 F.2d 1223, 1225 (5th Cir. 1986). The business justification must be considered on a case-by-case basis. *Id.* at 1226. In evaluating use

outside the ordinary course of business, the Court must balance the need for flexibility with the concerns of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989).

18. The proposed transfer of the estate's interest in the pharmaceutical refund credits is in the best interests of the estate because it liquidates valuable assets for the benefit of creditors. In addition, the proposed transfer is the best way for the estate to liquidate these assets without spending significant sums of money. This estate has limited resources. Additionally, this allows the Trustee unfettered access to the use of cash collateral, and monetizes an asset that may take years to provide value to the estate.

19. The Trustee proposes to assign the estate's interest in the pharmaceutical refunds to Cardinal Health free and clear of liens, claims, and interests, pursuant to § 363(f) of the Bankruptcy Code. To the best of the Trustee's knowledge, information, and belief, the Controlled Pharmaceuticals and the Non-Controlled Pharmaceuticals are unencumbered by any lien, claim or encumbrance. To the extent that SCM has a valid lien and does not object to the Trustee's transfer to Cardinal Health, its silence shall constitute consent as to the transfer free and clear of all liens, claims and encumbrances.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto, granting this Motion and authorizing the Trustee to transfer the estate's interest in certain pharmaceutical refund credits from Inmar free and clear of all liens, claims and encumbrances to Cardinal Health in exchange for a release of Cardinal Health's secured claim against the Debtor; and (2) such other and further relief for which the Trustee is entitled.

Dated: February 15, 2017

Respectfully Submitted,

By: */s/ Jarrod B. Martin*_____
    Jarrod B. Martin
    Texas Bar No.  24070221
    jmartin@nathansommers.com

Nathan Sommers Jacobs,
A Professional Corporation
2800 Post Oak Blvd. 61st Floor
Houston, TX 77056
(713) 960-0303 (main)
(713)892-4800 (fax)

**ATTORNEYS FOR RONALD J. SOMMERS, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 15, 2017, a true and correct copy of the foregoing *Motion to Assign Pharmaceutical Reimbursement Proceeds Free and Clear of Liens, Claims, and Interests to Cardinal Health* was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, and via email and First Class U.S. Mail upon all parties listed on the attached Service List. This includes the appropriate service address for SCM.

    */s/ Jarrod B. Martin*_____
    Jarrod B. Martin