EXECUTION COPY

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into this ___ day of _____, 2018, among Paul R. Tuft ("Paul Tuft"), Alan Tuft ("Alan Tuft"), Southwest Healthcare Services, LLC ("Southwest Healthcare"), Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley ("Pacifica"), SLD Finance, LLC ("SLD Finance"), and Hill Insurance Services, LLC ("Hill Insurance", and collectively with Paul Tuft, Alan Tuft, Southwest Healthcare, Pacifica and SLD Finance, the "Tuft Parties"), and Ronald J. Sommers, as Chapter 7 Trustee (the "Trustee") of the Chapter 7 bankruptcy estate of GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center ("GCMC" or the "Debtor"). The Tuft Parties and the Trustee are collectively referred to as the "Parties".

## RECITALS

**WHEREAS**, GCMC is a debtor in Chapter 7 Bankruptcy Case No. 16-60109 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

**WHEREAS**, on September 9, 2013, Diversified Clinical Services, Inc. ("DSI") filed a petition captioned *Diversified Clinical Services, Inc. v. GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center*, Case No. 47006, in the 329th Judicial District Court of Wharton County, Texas, (the "DSI Litigation"). DSI subsequently amended the petition numerous times to add various claims against GCMC and the Tuft Parties; and

**WHEREAS**, on November 21, 2016, GCMC commenced the bankruptcy case; and

**WHEREAS**, Ronald J. Sommers was subsequently appointed Chapter 7 Trustee in the Bankruptcy Case; and

**WHEREAS**, the Parties agree that the causes of action asserted by DSI in the DSI Litigation against the Tuft Parties for conversion, piercing the corporate veil, alter ego, trust fund doctrine, fraudulent conveyance, and any other derivative claims are claims belonging to the Debtor and its estate (the "Derivative Claims"); and

**WHEREAS**, the Parties agree that the Trustee is the only party with authority to prosecute, settle or otherwise control the Derivative Claims; and

**WHEREAS**, the Tuft Parties have denied, and continue to deny, that they have any liability to the Trustee for the claims asserted in the DSI Litigation; and

**WHEREAS**, the Parties enter into this Settlement Agreement to eliminate the uncertainties, burden and expense of litigation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned parties, in consideration of the benefits flowing to the parties from, and as described in the Settlement Agreement, and subject to approval of the Bankruptcy Court, that

all claims between the Parties are fully and finally compromised, settled, released and discontinued without attorney's fees and costs upon the terms and conditions herein.

**Settlement Amount and Payment**

1. The Tuft Parties will pay the Trustee $280,000 (the "Settlement Amount") pursuant to the terms of this Settlement Agreement in full and complete satisfaction of all claims of the Debtor and the estate, including the Derivative Claims.

2. Within five (5) business days of the Bankruptcy Court entering an order approving the Settlement Agreement (the "9019 Order") becoming final (the "Settlement Date") the Tuft Parties will pay the Trustee $280,000.00 (the "Settlement Payment").

3. The Settlement Payment will be non-refundable and paid by wire transfer to the following account:

   Green Bank
   Routing #113024164
   Account #9602166010901
   Name on Account: Ronald J. Sommers, Trustee for Est of GCMC of Wharton County Texas, LLC
   Contact: Bridgette Whiteing

**Mutual Releases**

4. On the Settlement Date, each of the Tuft Parties, individually releases and forever discharges the Debtor, its estate, the Trustee and their present and former representatives, agents, attorneys, predecessors, successors and assigns from any and all claims and demands of any kind, which were ever asserted or could have been asserted, whether known or unknown, fixed or contingent, that they ever had, now have, or can have from the beginning of the world to the date of this Settlement Agreement; provided that such release does not include claims to enforce the rights under this Settlement Agreement.

5. On the Settlement Date, the Trustee releases and forever discharges each of the Tuft Parties and their present and former representatives, agents, attorneys, predecessors, successors and assigns from any and all claims and demands of any kind, which were ever asserted or could have been asserted, whether known or unknown, fixed or contingent, **including the Derivative Claims**, that he, in his capacity as trustee, and the estate of the Debtor ever had, now have, or can have from the beginning of the world to the date of this Settlement Agreement; provided that such release does not include claims to enforce the rights under this Settlement Agreement.

**Notices**

6. All notices and requests required or permitted under this Settlement Agreement shall be given in writing and shall be effective upon receipt if either had delivered with receipt

EXECUTION COPY

acknowledged, or by overnight delivery service with proof of delivery, in each case addressed as follows (or to such other address or person as designated):

To the Trustee:

>Ronald J. Sommers
>2800 Post Oak Blvd.
>61st Floor
>Houston, Texas 77056
>713.892.4801
>rsommers@nathan.sommers.com

To the Tuft Parties:

>McKool Smith P.C.
>Attn: Christopher D. Johnson
>600 Travis St., Suite 7000
>Houston, Texas 77002
>713.485.7315
>cjohnson@mckoolsmith.com

**Miscellaneous Provisions**

7. This Settlement Agreement constitutes a compromise of disputed claims and nothing in this Settlement Agreement shall be construed an admission of liability by or on behalf of any party.

8. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which constitute one agreement. A facsimile or electronic copy of a signed counterpart of this Settlement Agreement is sufficient to bind the signatory. All parties agree to execute such other and further documents or pleadings reasonably necessary to evidence or carry out the terms and provisions of this Settlement Agreement.

9. Each of the undersigned warrants and represents that they are the owner of the claims released and settled, that they are legally competent to execute this Settlement Agreement, that they have read the Settlement Agreement, have consulted with counsel about it, have authority to execute the Settlement Agreement, and have executed the Settlement Agreement with full knowledge of its contents and meaning.

10. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

Signature Pages Follow

EXECUTION COPY

_____
Ronald J. Sommers
Trustee of the estate of GCMC of Wharton County Texas, LLC
d/b/a Gulf Coast Medical Center

_____
Paul R. Tuft

_____
Alan Tuft

Southwest Healthcare Services, LLC

By: _____
Its Managing Member

_____
Name:
Title:

Pacifica of the Valley Corporation
d/b/a Pacifica Hospital of the Valley

By: _____
Its Managing Member

_____
Name:
Title:

SLD Finance, LLC

By: _____
Its Managing Member

_____
Name: STEVEN DIETZW
Title:

4

EXECUTION COPY

_____
Ronald J. Sommers
Trustee of the estate of GCMC of Wharton County Texas, LLC
d/b/a Gulf Coast Medical Center


_____
Paul R. Tuft

*Alan S. Tuft, Ph.D.*
_____
Alan Tuft


Southwest Healthcare Services, LLC

By: _____
Its Managing Member

    _____
    Name:
    Title:


Pacifica of the Valley Corporation
d/b/a Pacifica Hospital of the Valley

By: _____
Its Managing Member

    _____
    Name:
    Title:


SLD Finance, LLC

By: _____
Its Managing Member

    _____
    Name:
    Title:

4

McKnol 906582v1

**EXECUTION COPY**

Hill Insurance Services, LLC

By: _____
Its Managing Member

Name: Mitchell D. Hill
Title: President

5