IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/17/2018

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GCMC OF WHARTON COUNTY | § | CASE NO. 16-60109 |
| TEXAS, LLC D/B/A GULF COAST | § | |
| MEDICAL CENTER, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH PAUL TUFT, ALAN TUFT, SOUTHWEST HEALTHCARE SERVICES, LLC, PACIFICA OF THE VALLEY CORPORATION DBA PACIFICA HOSPITAL OF THE VALLEY, SLD FINANCE, LLC, AND HILL INSURANCE SERVICES, LLC PURSUANT TO BANKRUPTCY RULE 9019

On September 13, 2018, Ronald J. Sommers ("**Trustee**"), Chapter 7 trustee for the bankruptcy estate of GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center ("**Debtor**"), filed a *Motion to Approve Settlement Agreement with Paul Tuft, Alan Tuft, Southwest Healthcare Services, LLC, Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley, SLD Finance, LLC, and Hill Insurance Services, LLC Pursuant to Bankruptcy Rule 9019* ("**Motion**"). After considering the Motion, the lack of response in opposition, the response deadline having passed, the Court is of the opinion and finds that:

Notice of the Motion was in all respects adequate and proper;

Claims for conversion, piercing the corporate veil, alter ego, trust fund doctrine, fraudulent conveyance are the sole property of the estate and may only be brought or settled by the Trustee;

The proposed Settlement Agreement is in the best interest of the estate, and

The Motion should in all things be granted.

Accordingly, it is hereby:

ORDERED that the Settlement Agreement between the Trustee and the Tuft Parties, attached to the Motion as **Exhibit A**, is hereby APPROVED; and it is further

ORDERED that the Tuft Parties shall pay $280,000 (TWO HUNDRED EIGHTY THOUSAND DOLLARS) ("**Settlement Amount**") to the Trustee within five (5) calendar days of this Order becoming final; and it is further

ORDERED that upon the Trustee's actual receipt of the Settlement Amount, the Tuft Parties shall be forever discharged and released from any and all liability to the Estate, including the claims asserted by Diversified against the Tuft Parties for conversion, piercing the corporate veil, alter ego, trust fund doctrine, fraudulent conveyance; and it is further

ORDERED that neither the Trustee nor the Tuft Parties has made any admission, including any admission of liability or wrongdoing, and the proposed Settlement Agreement and the Settlement Amount shall not be construed to contain or constitute any admission by either party; and it is further

ORDERED that, except as provided in the Settlement Agreement with respect to the costs associated with enforcing the terms of the Settlement Agreement, each of the Trustee and the Tuft Parties shall be responsible for their own costs and expenses, including attorneys' fees and costs of court, related to this Settlement Agreement and the matters addressed herein, and neither party shall be liable for the other's costs, fees or expenses; and it is further

ORDERED that notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective upon entry; and it is further

ORDERED that the Trustee is authorized to execute all necessary documentation and take all reasonable acts to effectuate the parties' Settlement Agreement in accordance with this Order.

Signed: October 17, 2018

Jeffrey P. Norman
United States Bankruptcy Judge