IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GCMC OF WHARTON COUNTY | § | CASE NO. 16-60109 |
| TEXAS, LLC D/B/A GULF COAST | § | |
| MEDICAL CENTER, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

**TRUSTEE'S MOTION REQUESTING COURT ORDER (1) APPROVING PROCEDURES RELATED TO RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; (2) AUTHORIZING PUBLICATION AND DISTRIBUTION OF NOTICE REGARDING RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; AND (3) AUTHORIZING TRUSTEE TO INCUR AND PAY ADMINISTRATIVE EXPENSES RELATED TO NOTICE PROCEDURES**

Pursuant to Local Rule 9019:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A hearing, on this motion, is currently scheduled for May 28, 2019, at 12:00 p.m. before the Honorable Jeffrey P. Norman in the United States Bankruptcy Court, Southern District of Texas, Victoria Division, at 312 S. Main Street, Victoria, Texas 77901**.

**TRUSTEE'S MOTION REQUESTING COURT ORDER (1) APPROVING PROCEDURES RELATED TO RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; (2) AUTHORIZING PUBLICATION AND DISTRIBUTION OF NOTICE REGARDING RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; AND (3) AUTHORIZING TRUSTEE TO INCUR AND PAY ADMINISTRATIVE EXPENSE RELATED TO NOTICE PROCEDURES**

PAGE 1

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers ("Trustee"), Chapter 7 trustee for the bankruptcy estate of GCMC of Wharton County Texas, LLC d/b/a Gulf Coast Medical Center ("Debtor"), files this *Motion Requesting Court Order (1) Approving Procedures Related to Retention and Disposal of Patient Medical Records; (2) Authorizing Publication and Distribution of Notice Regarding Retention and Disposal of Patient Medical Records; and (3) Authorizing Trustee to Incur and Pay Administrative Expenses Related to Notice Procedures* (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

## I.
## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This action is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Court has constitutional authority to enter a final order regarding this Motion. 11 U.S.C. § 351 has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, 564 U.S. 462 (2011)). In the alternative, disposal of patient records pursuant to § 351 of the Bankruptcy Code is an essential bankruptcy matter, triggering the "public rights" exception. *See Id.*

## II.
## RELEVANT BACKGROUND FACTS

4. On November 21, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

5. Before ceasing to do business, the Debtor operated a general acute care community hospital located at 10141 US 59 RD in Wharton, Texas (the "Hospital Location"), which was licensed for 159 beds, including 60 mental health beds for both Adult and Geriatric Behavioral Health, and was a provider of medical and surgical acute care services, including a level 4 trauma certified Emergency Department.

6. On or about November 18, 2016, prior to its bankruptcy filing, GCMC closed the hospital facility and ceased operations.

7. Following the cessation of the Debtor's operations and the bankruptcy filing, the Trustee was left with, amongst other things, a significant number of patient medical records (the "Patient Records") and some financial records related to accounts receivable and other business records (the "Business Records"). The Patient Records include those which were and are being maintained in an electronic form (the "Electronic Patient Records"). The Patient Records also include those which constitute hard copy records (the "Hard Copy Patient Records"). The Hard Copy Patient Records are still stored at the Hospital Location; however, the Hard Copy Patient Records are not in any semblance of an organized system, and the Trustee has no way (other than a box-by box, file-by-file (or pile-by-pile) search) to locate a specific file for a specific patient to the extent Hard Copy Patient Records would be requested by an individual. The Hard Copy Patient Records have been moved to miscellaneous, unused rooms throughout the Hospital Location. While some of the Hard Copy Patient Records are stored in boxes, some of the Hard Copy Patient Records are just stacked on various surfaces. Some of the Business records are in hard copy form, and some of the Business records are in electronic form.

**TRUSTEE'S MOTION REQUESTING COURT ORDER (1) APPROVING PROCEDURES RELATED TO RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; (2) AUTHORIZING PUBLICATION AND DISTRIBUTION OF NOTICE REGARDING RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; AND (3) AUTHORIZING TRUSTEE TO INCUR AND PAY ADMINISTRATIVE EXPENSE RELATED TO NOTICE PROCEDURES**
**PAGE 3**

### III.

### RELEVANT LAW

8. The Debtor is a health care business as the term is defined under § 101(27A) of the United States Bankruptcy Code (the "Code"). *See e.g.*, *In re Medical Associates of Pinellas, LLC*, 360 B.R. 356 (Bankr. M.D. Fla. 2007) (identifying factors for determining whether a debtor is a health care business).

9. State law requires that Texas hospitals retain patient medical records for ten years following the discharge of an adult patient (for minors, records must be retained for the later of ten years after discharge or until the patient reaches age 20). Tex. Health & Safety Code Ann. § 241.103 (2007); 25 Tex. Admin. Code § 133.41(j)(8) (2008).

10. Section 351 of the Code provides that if a health care business commences a case under Chapter 7, 9, or 11 of the Bankruptcy Code, and the Trustee does not have sufficient funds to pay for the storage of patient records in the manner required under applicable Federal or State law, a trustee may dispose of such records by destroying them after 365 days.

11. Specifically, § 351 provides:

If a health care business commences a case under chapter 7, 9, or 11, and the trustee does not have a sufficient amount of funds to pay for the storage of patient records in the manner required under applicable Federal or State law, the following requirements shall apply:

**(1)** The trustee shall—

**(A)** promptly publish notice, in 1 or more appropriate newspapers, that if patient records are not claimed by the patient or an insurance provider (if applicable law permits the insurance provider to make that claim) by the date that is 365 days after the date of that notification, the trustee will destroy the patient records; and

---

**TRUSTEE'S MOTION REQUESTING COURT ORDER (1) APPROVING PROCEDURES RELATED TO RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; (2) AUTHORIZING PUBLICATION AND DISTRIBUTION OF NOTICE REGARDING RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; AND (3) AUTHORIZING TRUSTEE TO INCUR AND PAY ADMINISTRATIVE EXPENSE RELATED TO NOTICE PROCEDURES**
**PAGE 4**

**(B)** during the first 180 days of the 365-day period described in subparagraph (A), promptly attempt to notify directly each patient that is the subject of the patient records and appropriate insurance carrier concerning the patient records by mailing to the most recent known address of that patient, or a family member or contact person for that patient, and to the appropriate insurance carrier an appropriate notice regarding the claiming or disposing of patient records.

**(2)** If, after providing the notification under paragraph (1), patient records are not claimed during the 365-day period described under that paragraph, the trustee shall mail, by certified mail, at the end of such 365-day period a written request to each appropriate Federal agency to request permission from that agency to deposit the patient records with that agency, except that no Federal agency is required to accept patient records under this paragraph.

**(3)** If, following the 365-day period described in paragraph (2) and after providing the notification under paragraph (1), patient records are not claimed by a patient or insurance provider, or request is not granted by a Federal agency to deposit such records with that agency, the trustee shall destroy those records by—

**(A)** if the records are written, shredding or burning the records; or

**(B)** if the records are magnetic, optical, or other electronic records, by otherwise destroying those records so that those records cannot be retrieved.

12. The estate currently holds $345,629.90. From this amount, the Trustee anticipates having to pay the following approximate administrative expenses related to this Motion's proposed course of action (these expenses to be specifically addressed later in the Motion):

   a. Record/data management fees: **$3,500** (this amount will be paid to Beyond IT in addition to the amount previously court approved and paid)

   b. Hard Copy Records disposal fees: **$6,000**

   c. Services related to mail-out of individual patient notices: **$28,000**

   d. Newspaper publication of patient notice: **$389.12** (Wharton Journal Spectator)

   e. Services related to input of missing patient data (in order to finalize information required for mail out of individual patient notices): **$5,750**

13. In addition to the above-identified administrative expenses, there will be significant fees expended in order to pay legal fees, accountant fees, and the Trustee's commission. The Trustee does not have anticipate having funds to fully comply with the requirements for retention of patient records under Texas state law. The costs to store and maintain the Electronic Records have the potential to be significant and may potentially render this estate administratively insolvent. The Trustee believes it is in the best interest of the estate and its creditors to comply with the provisions of § 351 while still reserving some funds for distribution to estate creditors.[1]

## IV.

## **PROPOSED PROCEDURES AND REQUESTS FOR RELIEF**

14. Since the estate may not have sufficient funds to comply with the requirements set forth pursuant to Texas law, the Trustee seeks, by this Motion, authority to move forward in compliance with the dictates of § 351. In conjunction with this course of action, the Trustee requests court authority to take the following actions:

**Authority to Publish a Notice and to Pay for Publication:**

15. Section 351 requires that the Trustee publish a notice in one or more appropriate newspapers that the patient records, if not claimed, will be destroyed by the trustee. To comply with this provision of Section 351, the Trustee proposes publishing a form of notice that is the same or substantially similar to that which is attached as **Exhibit A** and which is incorporated for all purposes.

16. The Trustee desires to publish this notice in the Wharton Journal Spectator. The cost related to this publication will be $194.56, and the Trustee will direct that the notice run for

---

[1] The creditors who will receive distributions are employees with wage claims.

**TRUSTEE'S MOTION REQUESTING COURT ORDER (1) APPROVING PROCEDURES RELATED TO RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; (2) AUTHORIZING PUBLICATION AND DISTRIBUTION OF NOTICE REGARDING RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; AND (3) AUTHORIZING TRUSTEE TO INCUR AND PAY ADMINISTRATIVE EXPENSE RELATED TO NOTICE PROCEDURES**

two publications.

17. By this Motion, the Trustee seeks authority to publish a notice, on two separate occasions, in these publications, and to pay for the publication of the notices. The Trustee anticipates that the total cost of this endeavor will be $389.12

**Authority to Send Notices to Individual Patients and to Pay for Mailing Support Services:**

18. Section 365 also requires the Trustee to send a notice to all patients and to the patients' insurance carriers. Information provided to the Trustee indicates that 28,997 individual patients have been identified as having either Electronic Patient Records or Hard Copy Patient Records. Of this total, 12,097 of the individuals have Electronic Patient Records, and the remaining 16,900 have Hard Copy Patient Records.[2]

19. The Trustee requests authority to send a form of letter notice that is the same or substantially similar to that which is attached as **Exhibit B** and which is incorporated for all purposes to all patients having Electronic Patient Records. The Trustee will also send a copy of this letter notice to each patient's insurance provider.

20. As detailed previously, the Trustee is unable to provide patient records in response to a request to the extent the records requested are Hard Copy Patient Records. The Trustee believes that he should still contact these individuals in order to inform them that their records, as a part of the Hard Copy Patient Records, will be destroyed on or after a certain date. To that end, the Trustee requests authority to send a form of letter notice that is the same or substantially similar to that which is attached as **Exhibit C** and which is incorporated for all purposes. The Trustee does not intend to send a copy of this letter notice to the insurance

---

[2] These are patients who received care prior to the time when a system was put in place by which to manage patient records electronically.

**TRUSTEE'S MOTION REQUESTING COURT ORDER (1) APPROVING PROCEDURES RELATED TO RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; (2) AUTHORIZING PUBLICATION AND DISTRIBUTION OF NOTICE REGARDING RETENTION AND DISPOSAL OF PATIENT MEDICAL RECORDS; AND (3) AUTHORIZING TRUSTEE TO INCUR AND PAY ADMINISTRATIVE EXPENSE RELATED TO NOTICE PROCEDURES**
**PAGE 7**

providers of the patients with only Hard Copy Patient Records.

21. To assist with the mailing of these letters, the Trustee has requested that Epiq Corporate Restructuring ("Epiq") provide services to the estate. Epiq has provided an estimate to the Trustee indicating that the requested services (to include data intake, printing and postage, mailing labor, and returned/undeliverable/forwarding/address updates) will likely cost $28,000 given that the proposed pool of letter recipients (all patients plus insurance carriers for patients with Electronic Patient Records) is 41,094.

22. By this Motion, the Trustee seeks authority to direct Epiq to provide the requested services. The Trustee also seeks authority to pay Epiq for services provided upon the provision of appropriate supporting invoice documents. To the extent Epiq requests compensation in excess of $30,000, the Trustee will seek additional court authority. Finally, by this Motion, the Trustee requests that the Court approve a service agreement between Epiq and the Trustee. A copy of that service agreement is attached as **Exhibit D** and is incorporated herein for all purposes.

23. Once the appropriate notices have been published in the newspapers and sent to the individual patients and insurance companies, the Trustee will file a status report with the Court informing the Court of the dates on which these tasks were accomplished.

**Authority to Request Updates to Patient Spreadsheet and to Pay for Update Services:**

24. On February 15, 2017, the Court entered an order [Doc. No. 61] authorizing the Trustee to employ Medlink in order to collect certain receivables. In conjunction with assisting with the collection matters and given Medlink's access to GCMC's records (including the Electronic Patient Records), David Burns (managing member and owner of Medlink) ("Burns") has agreed to handle patient requests for records. The Trustee previously requested that Burns

create a spreadsheet, from the Debtor's computer records, with the names and contact information for all individual patients. After Burns created this spreadsheet, it was discovered that certain patient addresses (about 1,000) would need to be located by going through the records manually. Additionally, the insurance provider information would have to be input manually as well. The Trustee asked Burns to estimate how much this additional work would cost, and Burns has provided an estimate of $5,750. By this Motion the Trustee requests authority to pay Burns (or an entity he designates) up to $6,500 for this additional work upon the provision of any appropriate time records/invoices.

**<u>Authority to Dispose of Hard Copy Patient Records and Electronic Patient Records and to Pay Disposal Fees:</u>**

25. The Trustee will not seek to dispose of the Electronic Patient Records (and any related electronic data) until after one year passes from the date of the newspaper publication of the notice. The Trustee does not yet know the amount of the disposal fees related to the Electronic Patient Records and/or if any such fees can be offset by a sell or trade of the wiped servers/storage equipment. Once the year deadline is near, the Trustee will seek authority from the Court to address any relevant disposal costs.

26. Given that the Trustee is not able to fulfill patient record requests that seek Hard Copy Patient Records, the Trustee seeks court authority to dispose of these records immediately. The Trustee has requested an estimate from Texas Security Shredding ("TSS") related to the disposal of the Hard Copy Patient Records located at the Hospital Location. It appears that TSS will charge approximately $4,000-$6,000 for these services. The services to be provided include a removal of all Hard Copy Patient Records (some in boxes, some in stacks of loose paper) from various rooms/offices (on various floors of the building) at the Hospital Location. In

addition to removing the Hard Copy Records, TSS will also transport the Hard Copy Patient Documents to a separate facility that will then shred the Hard Copy Patient Records. The length of time required will depend, partly, on the ease with which documents can be taken from the Hospital Location (i.e., the speed of the elevators, the space allowed, etc.). By this Motion, the Trustee seeks authority to pay TSS up to $6,000 for removal and disposal of the Hard Copy Patient Records. The Trustee also seeks authority to commence with the transport/disposal process immediately after the entry of an order approving this Motion.

**Position of the Office of the Texas Attorney General:**

27. The Trustee has, prior to filing this Motion, provided a copy to the Office of the Texas Attorney General (the "AG"). The AG aupports this Motion and the specific relief requested.

WHEREFORE, the Trustee requests that the Court approve this Motion and the specific relief requested as described herein and grant the Trustee such other and further relief to which he may be entitled at law or in equity.

Dated: April 23, 2019.

Respectfully Submitted,

By: */s/ Heather R. Potts*_____
    Heather R. Potts
    Texas Bar No. 24051204
    hpotts@nathansommers.com

Nathan Sommers Jacobs,
A Professional Corporation
2800 Post Oak Blvd. 61st Floor
Houston, TX 77056
(713) 960-0303 (main)
(713) 892-4800 (fax)

**COUNSEL FOR CHAPTER 7 TRUSTEE**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 23, 2019, a true and correct copy of the foregoing Motion was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing Motion will be served upon all parties listed on the attached Service List by no later than the next day after the filing of this Notice in accordance with Bankruptcy Local Rule 9013-1(f).

*/s/ Heather R. Potts*
Heather R. Potts